NOTICE
Decision filed 03/21/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240027

NOS. 5-24-0027, 5-24-0028, 5-24-0029,
5-24-0030, 5-24-0031, 5-24-0032,
5-24-0033, 5-24-0038 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Macon County. |
| | ) | |
| v. | ) | Nos.   23-CF-1844, 23-CF-1845, |
| | ) |   23-CF-1846, 23-CF-1871, |
| NATHAN A. McCLURE, | ) |   23-CF-1872, 23-CF-1873, |
| | ) |   23-CF-1874, 23-CF-1875 |
| Defendant-Appellee. | ) | |
| | ) | Honorable Lindsey A. Craycraft, |
| | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Welch and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    The State appeals the December 22, 2023, denial of its petitions to revoke pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), in the following cases filed in the circuit court of Macon County against the defendant, Nathan A. McClure: 23-CF-1844, 23-CF-1845, 23-CF-1846, 23-CF-1871, 23-CF-1872, 23-CF-1873, 23-CF-1874, and 23-CF-1875.[1]

_____

[1]The following appellate case numbers correspond to the lower court case numbers respectively: 5-24-0027, 5-24-0028, 5-24-0029, 5-24-0030, 5-24-0031, 5-24-0032, 5-24-0033, and 5-24-0038.

The court on its own motion consolidated these matters for decision only. For the reasons that follow, we reverse and remand.

¶ 2                                I. BACKGROUND

¶ 3     On November 22, 2023, the defendant, Nathan A. McClure, was arrested for multiple charges. Report #23-010252 indicated the defendant was arrested on two charges of burglary. Following the arrest, McClure was released by law enforcement and provided with a notice to appear in court on December 7, 2023. As a result of this arrest, the defendant was charged by information on December 1, 2023, with three counts in Macon County case No. 23-CF-1846. Count I, for the offense of burglary, a Class 2 felony, alleged on or between October 30, 2023, to October 31, 2023, the defendant committed the offense of burglary in that he entered the building of Primient, with the intent to commit therein a theft. Count II, for the offense of theft, a Class 3 felony, alleged on or between October 30, 2023, to October 31, 2023, the defendant committed the offense of theft, in that he knowingly exerted unauthorized control over property of Eric Flaugher, being a laptop, having a total value in excess of $500 but less than $10,000, intending to deprive Eric Flaugher of the use of the property. Count III, for the offense of theft, alleged on or between October 30, 2023, to October 31, 2023, the defendant committed the offense of theft, in that he knowingly exerted unauthorized control over property of Curt Woolen, being a laptop, having a total value in excess of $500 but less than $10,000, intending to deprive Curt Woolen of the use of the property.

¶ 4     Also on November 22, 2023, McClure was arrested for burglary per Report #23-011018. Following the arrest, McClure was released by law enforcement and provided with a notice to appear in court on December 7, 2023. As a result of this arrest, the defendant was charged by information on December 1, 2023, with one count in Macon County case No. 23-CF-1845. Count

I, for the offense of burglary, a Class 2 felony, alleged on or about November 11, 2023, the defendant committed the offense of burglary in that he entered the building of Saned Qattoum doing business as In and Out Convenience Store, with the intent to commit therein a theft.

¶ 5    Also on November 22, 2023, McClure was arrested for burglary per Report #23-011017. Following the arrest, McClure was released by law enforcement and provided with a notice to appear in court on December 7, 2023. As a result of this arrest, the defendant was charged by information on December 1, 2023, with one count in Macon County case No. 23-CF-1844. Count I, for the offense of burglary, a Class 2 felony, alleged on or about November 22, 2023, the defendant committed the offense of burglary in that he entered the building of Saned Qattoum doing business as In and Out Convenience Store, with the intent to commit therein a theft.

¶ 6    On December 1, 2023, McClure was arrested for burglary per Report #23-010709. Following the arrest, McClure was released by law enforcement and provided with a notice to appear in court on December 19, 2023. As a result of this arrest, the defendant was charged by information on December 6, 2023, with one count in Macon County case No. 23-CF-1874. Count I, for the offense of burglary, a Class 2 felony, alleged on or about November 13, 2023, the defendant committed the offense of burglary in that he entered the building of Willow Heights Apartments with the intent to commit therein a theft.

¶ 7    Also on December 1, 2023, McClure was arrested for burglary per Report #23-011314. Following the arrest, McClure was released by law enforcement and provided with a notice to appear in court on December 19, 2023. As a result of this arrest, the defendant was charged by information on December 6, 2023, with one count in Macon County case No. 23-CF-1871. Count I, for the offense of burglary, a Class 2 felony, alleged on or about November 30, 2023, the

defendant committed the offense of burglary in that he entered the building of Super Shine Car Wash with the intent to commit therein a theft.

¶ 8 Also on December 1, 2023, McClure was arrested for burglary per Report #23-011254. Following the arrest, McClure was released by law enforcement and provided with a notice to appear in court on December 19, 2023. As a result of this arrest, the defendant was charged by information on December 6, 2023, with one count in Macon County case No. 23-CF-1872. Count I, for the offense of burglary, a Class 2 felony, alleged on or about November 30, 2023, the defendant committed the offense of burglary in that he entered the building of Beauty Unfolded with the intent to commit therein a theft.

¶ 9 On December 3, 2023, McClure was arrested for burglary per Report #23-011320. Following the arrest, McClure was released by law enforcement and provided with a notice to appear in court on December 19, 2023. As a result of this arrest, the defendant was charged by information on December 6, 2023, with one count in Macon County case No. 23-CF-1873. Count I, for the offense of burglary, a Class 2 felony, alleged on or about December 2, 2023, the defendant committed the offense of burglary in that he entered the building of Fleener & Roberts with the intent to commit therein a theft.

¶ 10 The defendant failed to appear in Macon County circuit court on December 7, 2023. A warrant was issued for his arrest.

¶ 11 On December 13, 2023, the State filed a verified petition to revoke defendant's pretrial release pursuant to section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)) in the following cases then pending in Macon County against the defendant: 23-CF-1844, 23-CF-1845, 23-CF-1846, 23-CF-1871, 23-CF-1872, 23-CF-1873, 23-CF-1874, and 23-CF-1875.

¶ 12     On December 8, 2023, additional felony cases were filed by information against the defendant by information in Macon County case Nos. 23-CF-1887 and 23-CF-1888. On December 20, 2023, an additional felony case was filed by information against the defendant in Macon County case No. 23-CF-1962.[2]

¶ 13     On December 22, 2023, the circuit court of Macon County called the following cases for hearing: 23-CF-1844, 23-CF-1845, 23-CF-1846, 23-CF-1871, 23-CF-1872, 23-CF-1873, 23-CF-1874, 23-CF-1875, 23-CF-1887, 23-CF-1888, and 23-CF-1962. The circuit court noted that cases 23-CF-1887, 23-CF-1888, and 23-CF-1962 were set for a status hearing, while the remaining cases were set for hearing on the State's petition to revoke pretrial release. The defendant was present, in custody, with his appointed counsel.

¶ 14     In support of its petition to revoke pretrial release, the State argued that the defendant committed a new offense on December 16, 2023, in 23-CF-1962, while he was on pretrial release in cases 23-CF-1844, 23-CF-1845, 23-CF-1846, 23-CF-1871, 23-CF-1872, 23-CF-1873, 23-CF-1874, and 23-CF-1875. The State also presented evidence from Sergeant Benjamin Massey of the Decatur Police Department. Massey testified that he had reviewed the reports regarding the defendant's arrests.

¶ 15     Regarding Report # 23-011017, Massey testified that a burglary occurred to the In and Out Convenience Store wherein a white male struck the window of the building, kicked the window in, and then shoved a display rack out of the way so that he could enter through the broken window. The man then took money from the cash registers, a coin change jar, and cigarettes. The owner of the store identified the defendant as the person seen on video surveillance footage committing the

---

[2]Macon County case Nos. 23-CF-1887, 23-CF-1888, and 23-CF-1962 do not have appeals pending before this court. The circuit court was aware of these cases and mentioned them at the hearing on the petition to revoke. Additionally, this court may take judicial notice of public court records. *City of Centralia v. Garland*, 2019 IL App (5th) 180439.

aforementioned acts. Massey testified there were additional incidents of burglary where the defendant was the individual identified and then he was given a notice to appear for those crimes. Defense counsel had no questions for Massey.

¶ 16    Defense counsel then argued that the circuit court was faced with a legal question, being whether a notice to appear qualified as pretrial release. He argued that it did not and relied upon section 110-6(e) of the Code (725 ILCS 5/110-6(e) (West 2022)). He further argued that the State could have moved to detain the defendant initially but chose not to. In response, the State argued that petitions to detain the defendant were not filed because the offenses charged were not detainable offenses.

¶ 17    The circuit court announced that it had reviewed and considered the statutes and found that the notice to appear did not meet the definition of conditions of pretrial release, so it found that the defendant had to be released with conditions. The circuit court stated, "it would appear there is no recourse when someone absconds and doesn't come to court on their Notice to Appear dates, but under the statute, I don't think that it meets the requirements of conditions of pretrial release to be revoked." The circuit court then denied the motions to revoke pretrial release. The State filed a timely notice of appeal in each case.

¶ 18                                    II. ANALYSIS

¶ 19    The issue on appeal is whether the circuit court was authorized by the Code to revoke the defendant's pretrial release. This is a question of statutory construction that is reviewed *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 20    On appeal and in the lower court, the parties focus on conditions of pretrial release. However, before examining whether conditions of pretrial release were violated, we must first examine what pretrial release is and when it occurs.

¶ 21 The primary goal when interpreting a statute "to which all other rules are subordinate, is to ascertain and give effect to the intention of the legislature." *Jackson v. Board of Election Commissioners of Chicago*, 2012 IL 111928, ¶ 48. The best indication of the legislative intent is the plain language of the statute. *Jackson*, 2012 IL 111928, ¶ 48. "The statute should be evaluated as a whole, with each provision construed in connection with every other section. When the statutory language is clear, we must apply the statute as written without resort to other tools of construction." *Jackson*, 2012 IL 111928, ¶ 48.

¶ 22 Section 110-2 of the Code is titled "Pretrial release." Section 110-2(a) provides:

"(a) All persons charged with an offense shall be eligible for pretrial release before conviction. It is presumed that a defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release ***. Pretrial release may be denied only if a person is charged with an offense listed in Section 110-6.1 and after the court has held a hearing under Section 110-6.1, and in a manner consistent with subsections (b), (c), and (d) of this Section." 725 ILCS 5/110-2(a) (West 2022).

¶ 23 Section 110-6.1 of the Code sets forth when pretrial release may be denied. Of note, section 110-6.1(c) sets forth when a petition to deny pretrial release may be filed, and states:

"(c) A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days ***, after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." 725 ILCS 5/110-6.1(c)(1) (West 2022).

7

This section contemplates two scenarios. First, if a person is arrested and held in jail pending their first appearance before a judge, the State must file, at the time of the first appearance or before, its petition to detain the defendant until trial. The second scenario is applicable only to those persons who were arrested and released. If a defendant is arrested and released, the State has 21 calendar days to file a petition to detain him until trial.

¶ 24 In each of the present cases before us, the defendant was arrested and released on his own personal recognizance. Although the defendant had not yet appeared before the circuit court, the plain language of the Code establishes that the defendant was on pretrial release.

¶ 25 Next, we turn to when pretrial release may be revoked. Section 110-6 of the Code governs revocation of pretrial release, modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release. Section 110-6(a) provides:

"(a) When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.

* * *

The court before which the previous felony matter or Class A misdemeanor is pending may revoke the defendant's pretrial release after a hearing. During the hearing for revocation, the defendant shall be represented by counsel and have an opportunity to be heard regarding the violation and evidence in mitigation. The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. The State shall bear the burden of proving, by clear and

8

convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022).

¶ 26 The plain language of section 110-6(a) establishes that if a defendant, while on pretrial release, commits a subsequent felony or Class A misdemeanor, said pretrial release may be revoked. Additionally, to revoke the pretrial release, the State bears the burden of proving by clear and convincing evidence only that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. This is a lower threshold as compared to the requirements set forth in section 110-6.1 to detain a defendant after the initial arrest.

¶ 27                                III. CONCLUSION

¶ 28 In the present case, the circuit court made an error of law when it determined that it was not authorized by the Code to detain the defendant under the circumstances set forth above. Accordingly, we reverse and remand for the circuit court to conduct a new hearing on the State's petitions to revoke the defendant's pretrial release.

¶ 29 Reversed and remanded.

---

*People v. McClure*, 2024 IL App (5th) 240027

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Macon County, Nos. 23-CF-1844, 23-CF-1845, 23-CF-1846, 23-CF-1871, 23-CF-1872, 23-CF-1873, 23-CF-1874, 23-CF-1875; the Hon. Lindsey A. Craycraft, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |

---

| | |
|---|---|
| **Attorney for Appellee:** | Carolyn Ruth Klarquist, of State Appellate Defender's Office, of Chicago, for appellee. |

---