2026 IL App (2d) 260196-U
No. 2-26-0196
Order filed June 29, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

JOEL P. DUDISH POULSEN, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable Donald M. Tegeler Jr., Judge, Presiding.
No. 25-CF-650

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not have to inform defendant not to commit any other offenses while on pretrial release before revoking defendant's pretrial release for defendant's alleged commission of another offense.

¶ 2    Defendant, Joel Dudish Poulsen, appeals from the circuit court of Kane County's order revoking his release pursuant to sections 110-5 and 110-6 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-5, 110-6 (West 2024)).  Defendant argues that the trial court erred in (1) revoking his pretrial release without first informing him of the conditions of his pretrial release; (2) relying on *People v. McClure*, 2024 IL App (5th) 240027, because that case was wrongly decided; and (3) finding that there were no conditions that would reasonably ensure his appearance

at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On March 25, 2025, defendant was charged by criminal complaint in Kane County with three counts of DUI, including aggravated DUI, 6th or subsequent violation (625 ILCS 5/11-501(a) (West 2024)). He was also charged with driving on a revoked license (625 ILCS 5/6-303(a) (West 2024)).

¶ 5    On April 17, 2025, defendant made his first court appearance in the Kane County case. The trial court did not set any conditions for release and scheduled a future date for defendant to appear with his attorney.

¶ 6    In August 2025, while still out on bond in the Kane County case, defendant was charged with an additional Class X DUI felony as well as driving on a revoked driver's license in Du Page County.

¶ 7    On September 4, 2025, at a status hearing, the trial court imposed conditions of pretrial release in the Kane County case. The trial court ordered defendant not to commit any criminal offenses, refrain from using any intoxicating or controlled substances, undergo drug testing three times per month, and not drive without a valid driver's license.

¶ 8    On March 13, 2026, the State filed a petition to revoke defendant's pretrial release based on his alleged commission of a DUI in Du Page County. On that same day, the trial court granted the State's petition. The trial court found that, based on *McClure*, defendant had been on pretrial release when he allegedly committed another DUI in Du Page County. The trial court stated that this was a violation of his conditions of release. The trial court further found that there were no conditions that it could impose to ensure that defendant would comply with its orders. The trial

court explained that electronic home monitoring would not "prevent [defendant] from ingesting substances he should not ingest." The trial court additionally determined that it could not prevent defendant from having access to a car.

¶ 9　　On April 8, 2026, defendant filed a motion for relief. Defendant argued that *McClure* was wrongly decided as it read into the Pretrial fairness statute two conditions of release that exist prior to a defendant being afforded counsel or a hearing that are not explicitly stated; that being, defendant (1) not commit any new offenses and (2) attend all future court dates. Defendant insisted that conditions must be set at a hearing before a defendant can be considered subject to them. Defendant maintained that he was not given any notice that he was under any pretrial conditions. Defendant additionally argued that the State had failed to show that there were no conditions that could be set that would ensure his appearance at later hearings or prevent him from being charged with a subsequent felony or class A misdemeanor.

¶ 10　　On April 10, 2026, following a hearing, the trial court denied defendant's motion for relief. The trial court explained that it was obligated to follow *McClure* because it was "literally right on point in relation to the basic facts of this case." As to whether there were any conditions that it could set to ensure defendant's compliance with attending future court hearings and not committing any other crimes, the trial court indicated that it would stand by its initial ruling.

¶ 11　　Defendant thereafter filed a timely notice of appeal.

¶ 12　　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　The issue on appeal is whether the trial court could revoke defendant's pretrial release without first informing him of the conditions of his pretrial release. As the parties and the trial court recognized, this issue has already been addressed in *McClure*. There, the defendant was arrested and charged for burglary and ordered to appear in court 15 days after his arrest. *McClure*,

2024 IL App (5th) 240027, ¶ 3. Prior to his court date, the defendant was arrested and charged with additional burglaries. *Id.* ¶¶ 6-9. The State thereafter filed a petition to revoke the defendant's pretrial release. *Id.* ¶ 11. The trial court found that the defendant had not been on pretrial release and therefore denied the State's petition. *Id.* ¶ 17.

¶ 14   On appeal, the Appellate Court, Fifth District, reversed. *Id.* ¶ 29. The court looked to section 110-2 (725 ILCS 5/110-2 (West 2022)) and section 110-6.1 (725 ILCS 5/110-6.1 (West 2022)) of the Code *Id.* ¶¶ 22-23. Section 110-2 of the Code is titled "Pretrial release" and provides:

> "(a) All persons charged with an offense shall be eligible for pretrial release before conviction. It is presumed that a defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release." 725 ILCS 5/110-2(a) (West 2022).

Section 110-6.1 of the Code sets forth when pretrial release may be denied. Section 110-6.1(c) sets forth when a petition to deny pretrial release may be filed, and states:

> "(1) A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days *** after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." 725 ILCS 5/110-6.1(c)(1) (West 2022).

¶ 15   The *McClure* court determined that, based on these sections of the Code, where the defendant was arrested and released on his own personal recognizance, the defendant was on pretrial release. *McClure*, 2024 IL App (5th) 240027, ¶ 24. Defendant's pretrial release could then

be revoked pursuant to section 110-6(a) of the Code if he committed a subsequent felony or Class A misdemeanor. *Id.* ¶ 26. Such revocation was dependent on the State proving by clear and convincing evidence that no condition or combination of conditions of release would reasonably ensure defendant's appearance or his being charged with a subsequent felony or Class A misdemeanor. *Id.*

¶ 16    Based on its analysis of the Code, the *McClure* court held that the trial court erred in determining that it was not authorized to detain the defendant under the circumstances. *Id.* ¶ 28. The *McClure* court therefore reversed the trial court's order and remanded for a hearing on the State's petition to revoke the defendant's pretrial release. *Id.*

¶ 17    We agree with the *McClure* court's interpretation of the Code. If a defendant is charged with a crime and released before trial, then he is on pretrial release. Since that defendant is on pretrial release, the State may seek to revoke that pretrial release if the defendant commits a felony or class A misdemeanor. 725 ILCS 5/110-6(a) (West 2024). The trial court need not inform the defendant that he may not commit such a crime while on release because, under the Code, it is presumed that defendant knows that he should not commit such a crime. 725 ILCS 5/110-2(a) (West 2024). This presumption is consistent with common sense that one should not commit crimes, especially when one is on pretrial release.

¶ 18    Here, as the State established that defendant had allegedly committed another detainable offense while on pretrial release, the State only needed to show that there were no conditions that could be imposed that would prevent defendant from being charged with another felony or Class A misdemeanor. As the trial court noted, defendant was a young man (27 years' old) who had already accumulated charges of DUI on seven different occasions. Based on defendant's propensity for committing such crimes, we agree with the trial court that the State met its burden

that there were no conditions that could be imposed that would prevent defendant from committing similar crimes if released. As such, the trial court did not err in revoking defendant's pretrial release. *People v. Morgan*, 2025 IL 130626, ¶ 22 (this court's review of a pretrial detention order is *de novo*).

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 21    Affirmed.