2024 IL App (1st) 240211

No. 1-24-0211B

Second Division
April 11, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| | ) | Appeal from the |
| THE PEOPLE OF THE STATE OF | ) | Circuit Court of |
| ILLINOIS, | ) | Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 22600126901 |
| v. | ) | |
| | ) | |
| OSONIA GREEN, | ) | Honorable |
| | ) | Vincenzo Chimera |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court, with opinion.
Justices McBride and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Osonia Green appeals the order of the circuit court revoking his pretrial release

pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.*)

(West 2022)), commonly known as the Pretrial Fairness Act. Among other things, defendant

argues that the court erred in detaining him where the State did not prove that less restrictive means

such as electronic monitoring were insufficient to prevent him from being charged with subsequent

offenses. For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3      On March 3, 2022, defendant was arrested for endangering the life or health of a child, a Class A misdemeanor. 720 ILCS 5/12C-5(a)(1), (d) (West 2022). The charges generally alleged that defendant left a loaded handgun where it was accessible to his three-year-old son. While defendant was "intoxicated on the floor," the child got a hold of the gun and shot himself in the foot. Defendant was released on a recognizance bond.

¶ 4      On January 11, 2024, while still on release for the child endangerment case, defendant was arrested on new charges based on an incident at the Beverly Motel in Chicago. On that date, police responded to a call of a domestic disturbance at the motel and made contact with the complaining witness, who told them that defendant would not allow her to leave their motel room. Officers asked defendant if he had any firearms on him, and he told them that he did not. Officers also asked defendant if there were any firearms in the room, and defendant again told them that there were not. However, the officers noticed an "L-shaped bulge" in defendant's waistband, which a protective pat down revealed to be a loaded 9mm handgun. Defendant had not been issued a valid Firearm Owners Identification Card or Concealed Carry License. During the pat down, police also discovered on defendant's person containers of suspect heroin and suspect crack cocaine, as well as a glass pipe. Based on this evidence, defendant was charged with armed violence (720 ILCS 5/33A-2(a) (West 2022)) (a Class X felony), possession of less than 15 grams of heroin and less than 15 grams of cocaine (720 ILCS 570/402(c) (West 2022)) (both Class 4 felonies), and possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2022)) (a Class A misdemeanor).

¶ 5      The next day, January 12, 2024, the State filed a petition to revoke defendant's pretrial release based on the new charges. The circuit court held a hearing on the State's petition on January 17, 2024. At the hearing, the State contended that defendant's release should be revoked because

no condition or combination of conditions would reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant argued that he should not be detained because "less restrictive means" such as electronic monitoring would reasonably prevent him from committing subsequent offenses.

¶ 6 The court granted the State's motion to revoke pretrial release, finding that "there is clear and convincing evidence that no condition or combination of conditions of release would reasonably prevent the defendant from being charged with a subsequent felony or misdemeanor." The court stated that it based this finding in part on the fact that both cases involved firearms, reasoning that "[e]ven if I were to give [defendant] electronic monitoring that would not prevent him from getting another gun."

¶ 7 This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9 At the outset, we note that defendant has opted not to file a memorandum on appeal. Instead, defendant stands on the issues raised in his notice of appeal, which identifies four sources of error.

¶ 10 First, defendant has checked the box on the preprinted notice of appeal form indicating that he was "denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release." In the space provided below, defendant has written, in its entirety, that, "The petition was filed on 01/12/2024 and the hearing was scheduled for 01/16/2024 which is after the 72 hour time frame that the petition [*sic*] must be held. The hearing was not held until 01/17/2024."

¶ 11 The Code provides that, upon the State's petition to revoke a defendant's pretrial release, "[t]he defendant shall be transferred to the court before which the previous matter is pending

without unnecessary delay, and *the revocation hearing shall occur within 72 hours of the filing of the State's petition*[.]" (Emphasis added.) 725 ILCS 5/110-2(a) (West 2022).

¶ 12    In this case, the State's petition was filed on Friday, January 12, 2024, meaning that the hearing would normally have needed to be held no later than Monday, January 15, 2024. However, because that day was a court holiday in observance of Martin Luther King, Jr. Day, the deadline was extended to the next business day, January 16, 2024. See Cook County Special Order 2023-101 (eff. Aug. 9, 2023), https://www.cookcountycourt.org/ABOUT-THE-COURT/Legal-Court-Holidays. The record reflects that the hearing was indeed originally scheduled for January 16, 2024, but was then held on call because Judge Chimera was not at the courthouse that day. Thus, the hearing did not occur until January 17, 2024, one day late.

¶ 13    With that established, the question remains as to what relief, if any, defendant is entitled. See *People v. Robinson*, 217 Ill. 2d 43, 51 (2005) ("[T]here is no dispute that 'shall' means shall, and therefore the clerk failed to do something that was obligatory. The issue is the consequence of the clerk's failure." (emphasis in original)); *People v. Geiler*, 2016 IL 119095, ¶ 12 ("there is no dispute that the 48–hour requirement in Rule 552 [requiring an arresting officer to transmit portions of a ticket to the circuit court clerk within 48 hours after an arrest] was violated in this case. Rather, the issue is the appropriate consequence for the Rule 552 violation.").

¶ 14    In his notice of appeal, defendant simply requests relief in the form of "Release from Custody." The State responds that defendant is not entitled to any relief because he failed to offer any argument or authority for his request of release.

¶ 15    We agree with the State that defendant has provided an insufficient legal basis on which grant the requested relief. Defendant appealed the circuit court's order pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023), which provides that a notice of appeal "shall describe

the relief requested *and the grounds for the relief requested*." *Id.* ¶ 24. Consequently, "[w]e have repeatedly admonished litigants that this court is not a depository into which the parties may dump the burden of argument and research." *People v. Woods*, 2024 IL App (3d) 230592, ¶ 31. The brief description in defendant's notice of appeal merely explains *that* the hearing on the State's petition was untimely, but falls well short of explaining *why* such an error warrants reversal of the circuit court's order.

¶ 16    In addition, even if we were to reach the merits of defendant's claim, such a claim would fail. As set forth above, the statute provides that when a defendant has previously been granted pretrial release, that pretrial release may be revoked if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release, after a hearing on the court's own motion or upon the filing of a verified petition by the State. 725 ILCS 5/110-6(a) (West 2022). The statute further provides that the defendant "shall be transferred to the court before which the previous matter is pending without unnecessary delay," and the revocation hearing "shall occur within 72 hours of the filing of the State's petition or the court's motion for revocation." *Id.*

¶ 17    Defendant's challenge requires us to determine whether the 72-hour statutory requirement is mandatory or directory. See *Robinson*, 217 Ill. 2d at 51–52 ("the 'directory' or 'mandatory' designation *** simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates."). Whether a statutory command is mandatory or directory presents a question of statutory construction, which we review *de novo*. *In re M.I.*, 2013 IL 113776, ¶ 15. When construing a statute, our primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and

ordinary meaning. *Id.* In determining the plain meaning of statutory terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it. *Id.*

¶ 18    We presume that language issuing a procedural command to a government official indicates an intent that the statute is directory. *In re M.I.*, 2013 IL 113776, ¶ 17. The presumption is overcome, and a provision will be read as mandatory, under either of two conditions: (1) when there is negative language prohibiting further action in the case of noncompliance or (2) when the right the provision is designed to protect would generally be injured under a directory reading. *Id.*

¶ 19    As set forth above, the very limited arguments in defendant's notice of appeal made no specific contention that 725 ILCS 5/110-6(a) should be read to impose a mandatory obligation under either of the above conditions. However, based on our review, we conclude that neither condition applies.

¶ 20    First, section 110-6(a) of Code lacks any negative language prohibiting further action in the event the hearing is not held within 72 hours of the filing of the State's petition, nor are there any other specific consequences prescribed for the court's failure to hold a hearing within the specified time frame. See 725 ILCS 5/110-6(a) (West 2022). Had the legislature intended a mandatory reading, it could have written, for example, that any detention order imposed is void if the hearing was held more than 72 hours after the filing of the State's motion. See *Robinson*, 217 Ill. 2d at 58. However, it did not do so.

¶ 21    We also find no support for the conclusion that the right which section 110-6(a) is designed to protect would generally be injured under a directory reading. Section 110-6(a) is designed to protect victims and the community from defendants who are alleged to have committed felonies or Class A misdemeanors while on pretrial release, and to provide prompt hearings to determine

whether revocation is warranted. Although the Code contemplates that such hearings should be held expeditiously, in particular because a defendant may be held in custody pending the revocation hearing (see 725 ILCS 5/110-6(a) (West 2022)), a strict mandatory construction of the 72-hour requirement does not achieve the purpose of the statute to determine whether revocation of previously-granted pretrial release is warranted.

¶ 22    We also note that the statute mandates that the revocation hearing will be conducted by the same trial judge who ordered the defendant's pretrial release, who would be most familiar with the original charge, and who can best analyze the impact of the new charges on the judge's previous decision. See *id.* (upon the court's own motion or a State's petition to revoke, the court "shall order the transfer of the defendant and the petition or motion to the court before which the previous felony or Class A misdemeanor is pending" and the "defendant shall be transferred to the court before which the previous matter is pending without unnecessary delay"). In some circumstances, like those presented here, it may be impossible for the hearing to comply with both statutory mandates—that it be before the same trial judge, and that it is conducted within 72 hours. In this case, the State's petition was filed on Friday, January 12, 2024. Monday, January 15, 2024, was a court holiday, and the trial judge who had previously ordered pretrial release was unavailable on Tuesday, January 16, 2024. Accordingly, the hearing occurred at the first possible opportunity— on Wednesday, January 17, 2024.   This one-day delay does not thwart the legislative intent to hold a prompt hearing before the judge most familiar with the matter.

¶ 23        In summary, we conclude that section 110-6(a) imposes an obligation on the circuit court to hold a hearing within 72 hours of the State's petition. However, this obligation is not mandatory with respect to the mandatory-directory dichotomy. In so holding, we are not discouraging the timely disposition of hearings under section 110-6(a). We conclude, however,

that the statute's command is directory only, and no consequence is warranted for the court's failure to hold a hearing within the 72-period under the particular facts of this case.

¶ 24     Next, defendant argues that he should be released from custody because the State's petition to revoke his release erroneously cited section 110-6(b) of the Code rather than section 110-6(a).

¶ 25     Revocation of a defendant's pretrial release is governed by section 110-6 of the Code. 725 ILCS 5/110-6 (West 2022). Section 110-6(a) provides that release may be revoked only if (1) the defendant had previously been granted release for either a felony or a Class A misdemeanor, (2) the defendant is charged with a new felony or Class A misdemeanor alleged to have occurred while the defendant was on release, and (3) either the State files a verified petition for revocation or the court moves to revoke on its own motion. *Id.* § 110-6(a). Upon the filing of a verified petition, or on the court's own motion, the court may revoke release after a hearing if the State proves, by clear and convincing evidence, that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 26     Section 110-6(b), on the other hand, applies only to those defendants who have been previously granted pretrial release for a Class B or Class C misdemeanor. *Id.* § 110-6(b). Specifically, section 110-6(b) provides that defendants who are charged with a subsequent felony or Class A misdemeanor while on release for a Class B or Class C misdemeanor are *not* eligible for revocation, but may be subject to sanctions or modification of their release conditions. *Id.*

¶ 27     Here, defendant had been previously granted release for endangering the life or health of a child, which is a Class A misdemeanor. 720 ILCS 5/12C-5(a)(1), (d) (West 2022). Thus, there is no dispute that he was theoretically eligible for revocation under section 110-6(a). Moreover,

section 110-6(b) would not apply to defendant, as he had not been previously granted release for a Class B or Class C misdemeanor.

¶ 28     However, as is the crux of defendant's argument on appeal, the State's petition for revocation erroneously stated that it was filed "pursuant to 725 ILCS 5/110-6(b)[.]" According to defendant, this error renders him "wrongly detain[ed]." The State maintains that it was "nothing more than a scrivener's error" and did not result in prejudice to defendant.

¶ 29     We agree with the State. Although the body of the State's petition references section 110-6(b) in one instance, it is clear that the parties understood the document to be a revocation petition under section 110-6(a). First, the petition is entitled "Petition for Revocation of Pretrial Release." As previously explained, only section 110-6(a) deals with the revocation of pretrial release. The body of the petition also states that it is a "verified petition for revocation" that was filed "because the defendant, while on pretrial release for a Felony or Class A misdemeanor, is charged with a new Felony or Class A misdemeanor[.]" Similarly, the petition requests as relief "a revocation hearing" at which the State would attempt to prove "no condition or combination of conditions of release would reasonably *** prevent the defendant from being charged with a subsequent Felony or Class A Misdemeanor." Again, all of this language applies only to revocation hearings conducted under section 110-6(a), not section 110-6(b). Additionally, the transcript from the revocation hearing clearly shows that neither defense counsel nor the circuit court had any confusion as to the nature of the proceedings. Thus, defendant's argument is meritless.

¶ 30     Defendant's next claim of error is that the State failed to prove, by clear and convincing evidence, that no condition or combination of conditions of pretrial release would reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor. More

specifically, defendant maintains that the court could have used less restrictive means like electronic monitoring to prevent him from being charged with new offense.

¶ 31    Initially, we must address the standard of review. The State acknowledges that the standard of review for pretrial detention appeals is currently "in flux," but contends that we should affirm under any standard. Defendant, not having filed an appellant memorandum, has made no comment on the standard of review.

¶ 32    It appears that only one published decision has directly addressed the standard of review for orders to revoke a defendant's pretrial release. In *People v. Perez*, 2024 IL App (2d) 230504, ¶ 13, the Second District held that "[a] circuit court's decision to detain a defendant is reviewed using a two-part standard of review" whereby (1) the court's factual findings are reviewed under the manifest weight of the evidence standard but (2) the ultimate decision of whether a defendant should be detained is reviewed for abuse of discretion. However, the *Perez* court did not distinguish between the review of revocation proceedings under section 110-6(a) of the Code and the review of denials of pretrial release under section 110-6.1, reasoning that the standard is the same under either section. *Id.*

¶ 33    In light of the similar language and purposes of sections 110-6 and 110-6.1, we agree with *Perez* that the same standard of review should apply under both sections. But that does not resolve the issue because, as this court has recognized many times, there is an ongoing debate about the proper standard of review in appeals brought under section 110-6.1. For example, in *People v. Lee*, 2024 IL App (1st) 232137, ¶¶ 20-22, we detailed the "significant disagreement" about the standard of review among the appellate courts, but ultimately concluded that we did not need to decide the matter where we would reach the same decision under any standard.

¶ 34    Here, as in *Lee*, we would affirm the circuit court's decision to revoke defendant's pretrial release under any standard of review. Defendant asserts that the court erred by determining that electronic monitoring would not reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor. The circuit court rejected this argument below, opining that electronic monitoring "would not prevent [defendant] from getting another gun." The court explained that it placed great weight on the fact that both of defendant's pending cases involved a firearm. Indeed, the record reflects defendant's propensity to mix the dangerous combination of firearms and illegal substances. He was initially charged with child endangerment for allowing his young son to shoot himself while he, defendant, was "intoxicated on the floor." Then, albeit 22 months later, defendant was arrested again after a domestic disturbance while in illegal possession of a firearm, drugs, and a pipe with which to consume those drugs. We also note that both of these instances could just have easily occurred at defendant's home if he were confined there on electronic monitoring. Under these circumstances, we agree with the circuit court's assessment that no condition or combination of conditions would reasonably prevent defendant from being charged with a subsequent felony or Class A misdemeanor.[1]

¶ 35    Finally, we briefly acknowledge that defendant also argues that the State failed to prove that "no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community[.]" However, defendant's release was revoked under section 110-6(a) of the Code, which does not require the State to prove this factor. 725 ILCS 5/110-6(a) (West). The language cited by defendant refers to the State's burden in a hearing for

---

[1] Defendant's notice in lieu of an appellant memorandum also suggests that he challenges the court's determination that electronic monitoring would not reasonably ensure his appearance at future court proceedings. However, we need not address this argument because the record clearly shows that the court did not rely on this basis for revoking defendant's release.

the denial of pretrial release under section 110-6.1 of the Code, not a revocation hearing under section 110-6(a). 725 ILCS 5/110-6.1; *Perez*, 2024 IL App (2d) 230504, ¶ 15. We therefore need not address this argument, as it is irrelevant to the order being appealed.

¶ 36                                    III. CONCLUSION

¶ 37    For the reasons stated, we affirm the judgment of the circuit court.

¶ 38    Affirmed.