2024 IL App (2d) 240548-U
Nos. 2-24-0548, 2-24-0549, 2-24-0550 cons.
Order filed December 27, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) ) | Nos. 24-CF-1451 24-CF-1477 24-CF-1660 |
| DANIEL RANGEL, | ) ) ) | Honorable David Paul Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Schostok and Mullen concurred in the judgment.

## ORDER

¶ 1    *Held*:    The trial court did not err in revoking defendant's pretrial release, where defendant was charged with committing subsequent felonies and/or Class A misdemeanors in three separate cases while on pretrial release. Affirmed.

¶ 2    Defendant, Daniel Rangel, appeals from the revocation of his pretrial release under section 110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2022)). As defendant did not file a memorandum, his motion for relief from pretrial detention serves as his argument on appeal. (see Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)). For the following reasons we affirm.

¶ 3                                        I. BACKGROUND

¶ 4    In case No. 24-CF-1451, defendant was charged with burglary (Class 2 felony), criminal damage to property not exceeding $500 (Class A misdemeanor), criminal trespass to residence

(Class A misdemeanor), and theft not exceeding $500 (Class A misdemeanor) arising out of an incident on July 7, 2024, in which defendant stole a laptop computer, Nintendo Switch game console, and other personal property from a resident of the West Dundee Extended Stay America hotel. Defendant was placed on pretrial release in case No. 24-CF-1451 on July 8, 2024.

¶ 5    In case No. 24-CF-1477, defendant was charged with burglary (Class 2 felony), and two counts of retail theft of display merchandise not exceeding $300 (Class A misdemeanor) arising out of an incident on May 17, 2024, in which defendant stole a garbage can and toilet paper from the Carpentersville Walmart, and an incident on June 25, 2024, in which defendant stole socks and jeans from the Carpentersville Kohl's.

¶ 6    In case No. 24-CF-1660, defendant was charged with five counts of burglary (Class 2 felony), and two counts of retail theft of display merchandise more than $300 (Class 3 felony) arising out of five separate incidents of theft from the Elgin Home Depot occurring on June 10, 12, 20, 25, and July 26, 2024. Defendant was placed on pretrial release in case Nos. 24-CF-1477 and 24-CF-1660 on August 6, 2024.

¶ 7    Additionally, in case No. 24-CM-1339, defendant was charged with retail theft of display merchandise not exceeding $300 (Class A misdemeanor) and battery (Class A misdemeanor) arising from an incident on August 5, 2024, in which defendant stole merchandise from the Elgin Butera, and threw a plastic container of rice at an employee's chest.

¶ 8    In case No. 24-DV-795, defendant was charged with domestic violence (Class A misdemeanor) arising from an incident on August 18, 2024, involving defendant and his girlfriend Kelly D. According to the police synopsis, Kelly was interviewed and told police "nothing happened between them." Defendant told police that Kelly threw a tow hitch through the window of their truck, and he put Kelly in a headlock to prevent further damage to the truck. An eyewitness

told police that she observed defendant and Kelly arguing inside the truck. Defendant then punched Kelly several times, got out of the truck, and pulled Kelly out of the passenger side of the truck. Defendant continued to drag Kelly on the ground while punching her. Kelly then "got away" from defendant and threw a tow hitch through the windshield of the truck.

¶ 9    Based on the charges in case No. 24-DV-795, on August 19, 2024, the State filed a verified application to revoke defendant's pretrial release in case Nos. 24-CF-1451, 24-CF-1477, and 24-CF-1660.

¶ 10    A hearing was held on the State's application on August 21, 2024. At the hearing, the State presented the police synopses for the above captioned cases, and proffered that defendant failed to appear at a court date on August 16, 2024. The State argued that since being placed on pretrial release, defendant had missed a court date and had been charged with additional felonies and/or Class A misdemeanors in three separate cases (*i.e.* the July 26, 2024, burglary and theft from Home Depot, the August 5, 2024, battery and theft at Butera, and the August 18, 2024, domestic violence charge). The State argued that the number of new offenses committed in the less than two months defendant had been on pretrial release demonstrates that there are no conditions that would prevent defendant from being charged with subsequent felonies or Class A misdemeanors. The trial court granted the State's application and revoked defendant's pretrial release.

¶ 11    On September 10, 2024, defendant filed a motion for relief, in which he argued that his charges were non-violent in nature, the State had not moved to deny pretrial release in case No. 24-DV-795, there were conditions which could prevent the defendant from being charged with a subsequent felony or Class A misdemeanor, and the State had not made any argument concerning possible conditions of pretrial release.

¶ 12    A hearing was held on defendant's motion on September 11, 2024, after which the trial court denied defendant's motion. Defendant timely appeals.

¶ 13                                    II. ANALYSIS

¶ 14    Section 110-6 of the Code provides that, when a defendant has previously been granted pretrial release for a felony or Class A misdemeanor, the release may be revoked following a hearing on the court's own motion or the State's verified petition only if the defendant is charged with a felony or Class A misdemeanor alleged to have occurred during the defendant's pretrial release. 725 ILCS 5/110-6(a) (West 2022). Section 110-6(a) further provides that, on a petition to revoke pretrial release:

> "The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would *** prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 15    We review whether the trial court's findings on a petition to revoke pretrial release were against the manifest weight of the evidence and whether its ultimate decision was an abuse of discretion. *People v. Green*, 2024 IL App (1st) 240211, ¶¶ 32-33 (agreeing with the two-part standard of review applied in *People v. Perez*, 2024 IL App 230504, ¶ 13). A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. A decision is an abuse of discretion when no reasonable person would adopt the view of the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 16    Following defendant's initial pretrial release on July 8, 2024, in case No. 24-CF-1451, defendant was subsequently charged with several additional felonies and Class A misdemeanors

in three separate cases: burglary (Class 2 felony) and retail theft of display merchandise more than $300 (Class 3 felony) on July 26, 2024, in case No. 24-CF-1660; retail theft of display merchandise not exceeding $300 (Class A misdemeanor) and battery (Class A misdemeanor) on August 5, 2024, in case No. 24-CM-1339, and domestic violence (Class A misdemeanor) on August 18, 2024, in case No. 24-DV-795. The August 18, 2024, domestic violence charge also occurred after defendant's pretrial release in case Nos. 24-CF-1477 and 24-CF-1660 on August 6, 2024.

¶ 17    Defendant challenges the trial court's determination that no condition or combination of conditions of release would prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Defendant argues that the State made no arguments concerning possible conditions of release and had agreed that conditions of release were appropriate in case No. 24-DV-795. However, in case No. 24-DV-795, pretrial release could only be denied if the State could prove by clear and convincing evidence that defendant's pretrial release posed "a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case[.]" 720 ILCS 5/110-6.1(1)(4) (West 2022).

¶ 18    Whereas, for revocation of defendant's pretrial release in the instant case, the State needed to show by clear and convincing evidence that no condition or combination of conditions of release would prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. Accordingly, the State's decision not to pursue pretrial detention in case No 24-DV-795, which would require a showing of dangerousness, has little bearing on whether revocation of defendant's pretrial release is necessary to prevent defendant from being charged with a subsequent felony or Class A misdemeanor, which includes non-violent offenses.

¶ 19    Further, although the State did not mention any particular conditions of release in its argument, it did argue that, based on the fact that defendant had been charged with subsequent

felonies and/or Class A misdemeanors on three separate occasions in less than two months following his initial pretrial release on July 8, 2024, it was evident that defendant would not comply with conditions of release and not commit further felonies or Class A misdemeanors. Accordingly, the trial court's finding that no conditions of pretrial release would prevent defendant from being charged with a subsequent felony or Class A misdemeanor was not against the manifest weight of the evidence, and the trial court did not err in revoking defendant's pretrial release.

¶ 20                    III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22    Affirmed.