2025 IL App (1st) 251502-U

SIXTH DIVISION

October 31, 2025

No. 1-25-1502B

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 24 CR 11750 |
| MARQUELL ANDERSON, | ) ) | Honorable Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1   *Held:*   We affirm the circuit court's revocation of defendant's pretrial release because the court appropriately considered his new charge in ordering revocation.

¶ 2   Defendant Marquell Anderson appeals from the circuit court's grant of the State's petition

to revoke his pretrial release with conditions pursuant to the Pretrial Fairness Act (the Act) (725

ILCS 5/110-6 (West 2022)), arguing he was not on "pretrial release" per the Act when he accrued a new charge while in a police station, making revocation improper. We affirm.

¶ 3                                                    BACKGROUND

¶ 4     This court denied two previous appeals filed by Anderson arising from this term of pretrial detainment. Most of the relevant background remains unchanged, and is repeated below from our previous order in *People v. Anderson*, 2025 IL App (1st) 250406-U, ¶¶ 4-9:

Anderson was arrested on October 22, 2024, for aggravated battery of a peace officer. He was granted pretrial release with electronic monitoring (EM), but was taken back into custody shortly after his release because he was "unhoused" and unable to find a facility to which he could be released with EM. On November 24, 2024, while still in custody at "Division 6" of the "Cook County Department of Corrections" though awaiting pretrial release, he was charged with aggravated battery for an incident that occurred in the jail (case No. 25 CR 1060).

The State filed a petition for revocation of pretrial release on February 3, 2025, which the circuit court granted in a written order also entered on February 3. During in-court proceedings that day, the State's attorney proffered regarding the November 24 incident:

"[The incident] occurred in Division 6 here at the Cook County Department of Corrections. Officers in full uniform were escorting the defendant from—to the dispensary to receive medical attention at which point the defendant began threatening staff, refused to walk, would not comply with orders. Ultimately, backup had to be called. The defendant continued to not comply. And then during this incident, Officer Rajon ended up on the ground where the defendant bit that officer's right middle finger."

Defense counsel argued that the circuit court should not revoke EM so Anderson could find "another sober living facility to live in." He asked the court to keep "[EM] on the first case and giv[e] him [EM] on the second."

The circuit court responded,

> "Well, the question for the petition is whether or not there are any conditions that would prevent the defendant from being arrested for a new Class A misdemeanor or felony offense. Based on what I have heard here, I don't find by the clear and convincing standard that there are any combination of conditions that would prevent him from being arrested. Before even being placed out on electronic monitoring he was charged with new criminal conduct—alleged new criminal conduct while in custody. The State's petition for revocation will be granted."

On February 24, 2025, Anderson filed his motion for relief, alleging in support "Defendant should have been given [EM]." The motion continued, "the State failed to meet its burden by clear and convincing evidence that the Defendant poses a real and present threat to the safety of the community," without elaboration. Finally, the motion stated, "the State failed to meet its burden of proving by clear and convincing evidence that only detention can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case," with the lone support of "Mr. Anderson is not alleged to have committed another crime while previously released on [EM]."

During the hearing on the motion for relief, defense counsel stated he filed "two petitions for relief," one in each case. He continued, "So, your Honor, I filed a written motion on both cases. I am resting on that motion." The circuit court denied the motions.

¶ 5    Anderson appealed, and this court issued its order denying his claim on May 30, 2025. *Anderson*, 2-025 IL App (1st) 250406-U.

¶ 6    On June 20, 2025, Anderson filed another motion for relief per Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), arguing in relevant part that the State "failed to meet its burden by proving by clear and convincing evidence that conditions of pretrial release had been violated" because, "At the time of the offense, Mr. Anderson did not violate the conditions of his release because he still remained under custody of the Cook County Department of Corrections, pending placement in alternative housing." Anderson's attorney made no substantive argument during an in-court proceeding on the motion.

¶ 7    On July 10, 2025, the circuit court denied Anderson's motion for relief. This appeal followed.

¶ 8                                JURISDICTION

¶ 9    The circuit court denied Anderson's motion on July 10, 2025, and he filed his notice of appeal on July 28, 2025. Accordingly, absent any indication Anderson has been released, or convicted of his current charges, this court has jurisdiction pursuant to Illinois Supreme Court Rule 604(h)(2), (3) (eff. Apr. 15, 2024) and section 110-6(a) of the Act (725 ILCS 5/110-6(a) (West 2022)).

¶ 10                               ANALYSIS

¶ 11    On appeal, Anderson claims that the circuit court erred by revoking his pretrial release based on the aggravated battery of a peace officer charge he accrued on November 24, 2024, because he was physically in the police station when he engaged in the alleged conduct. Under the Act, "pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing

4

on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022). When a defendant is so charged, the Act provides, "The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 12    We note that while Anderson's Rule 604(h) memorandum purports to raise on appeal every argument raised in his motion for relief, the only issue he substantively supports in either the motion for relief or the Rule 604(h) memorandum is that his physical location when he accrued the new charge precludes the circuit court from revoking his pretrial release. Accordingly, any other argument is waived. See *Anderson*, 2025 IL App (1st) 250406-U, ¶ 15; Ill. S. Ct. R. 604(h)(2), (7) (eff. Apr. 15, 2024).

¶ 13    Regarding the physical location argument, the parties do not dispute that though the circuit court had ordered Anderson released with EM, he was in custody when the November 24 incident occurred because, for reasons unclear from the record, the initial EM facility could no longer accommodate him, requiring him to remain in custody until a new facility could be located. The record also does not detail the status of that search. The lone question for this court on appeal is whether the fact that Anderson accrued the new charge while still in custody means the new charge did not occur "during" Anderson's "pretrial release" such that the circuit court could not base revocation of pretrial release on that charge. 725 ILCS 5/110-6(a) (West 2022).

¶ 14    This presents an issue of statutory interpretation. When interpreting a statute, the role of the reviewing court is to "ascertain and give effect to the legislature's intent," the "most reliable

indicator" of which is the plain language of the statute. *People v. Reese*, 2017 IL 120011, ¶ 30. Only when a statute's language is ambiguous will a reviewing court resort to tools of statutory interpretation to determine intent; otherwise, the court must apply the text as written. *People v. Fiveash*, 2015 IL 117669, ¶ 34. When a literal interpretation would lead to absurd results contrary to legislative intent, however, the text must yield. *State ex rel. Raoul v. Elite Staffing, Inc.*, 2024 IL 128763, ¶ 16. "We view the statute as a whole, construing words and phrases in connection with other relevant statutory provisions rather than in isolation, while giving each word, clause, and sentence of a statute a reasonable meaning." *People v. Fair*, 2024 IL 128373, ¶ 61. In interpreting multiple sections of the same statute, a reviewing court should consider those sections "so that each section can be construed with every other part or section of the statute to produce a harmonious whole." *Board of Education of City of Chicago v. Moore*, 2021 IL 125785, ¶ 40. We review matters of statutory interpretation *de novo*. *Reese*, 2017 IL 120011, ¶ 30.

¶ 15    We hold that the Act permitted the circuit court to consider the charge Anderson accrued while in custody on November 24, 2024, in determining whether to revoke pretrial release, and affirm the court's pretrial detention order accordingly.

¶ 16    Anderson's argument is that because he was in the police station, and not on the street in front of the police station, he was free to bite a police officer without the circuit court considering that fact in determining whether he remained an appropriate candidate for pretrial release. Such a result is facially absurd and counter to any reasonable interpretation of legislature's intent in passing the Act, and thus fails. See *Raoul*, 2024 IL 128763, ¶ 16; *People v. Green*, 2024 IL App (1st) 240211, ¶¶ 20-23 (explaining that this section of the Act "is designed to protect victims and the community from defendants who are alleged to have committed felonies or Class A misdemeanors while on pretrial release"). The legislative intent as expressed by the plain language

6

of the revocation provisions of the Act is to permit the court to reconsider a defendant's pretrial release when that defendant re-offends during a period of time in which they should be exercising the utmost care not to because their freedom depends on it. The failure to refrain from accruing a new charge in these circumstances indicates the defendant cannot refrain from illegal conduct, and thus poses a danger to the public if released. That Anderson bit a police officer despite knowing his release with EM was pending is exactly the type of conduct the legislature conceived of as relevant to a circuit court in considering whether a defendant in Anderson's position remained a viable pretrial release candidate.

¶ 17    Anderson bases his argument on an apparent gap in the Act's text. The Act does not directly address a scenario where, (1) a court orders a defendant released pending trial with the condition of EM, but (2) that defendant returns or remains in custody because his EM situation breaks down through no fault of his own, and then (3) while in custody during the search for new accommodations, the defendant accrues a new charge which would qualify him for revocation of pretrial release. Anderson maintains that the term "pretrial release" in the revocation section of the Act only refers to his physical location, not the period of time between the circuit court's initial pretrial detention order and his trial. 725 ILCS 5/110-6(a) (West 2022). Therefore, he contends, his physical location here disqualifies his new charge from fitting the Act's requirement that to qualify as a basis for revocation, a new charge must be "alleged to have occurred during" a defendant's "pretrial release." *Id.*

¶ 18    In support, Anderson points to a passage in the Act which he contends distinguishes between a defendant's physical status of "continued detention" and the term "pretrial release." See 725 ILCS 5/110-5(e) (West 2022). That passage reads,

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release."

¶ 19    We reject this argument and hold that the statute contemplates "pretrial release" as a time period in the context of revocation. This is facially apparent from the Act's plain language. The crucial portion of the Act requires that the new charge is, "alleged to have occurred during the defendant's pretrial release," (725 ILCS 5/110-6(a) (West 2022)). This passage contains the term "during," which denotes a time period. See *Talerico v. Village of Clarendon Hills*, 2021 IL App (2d) 200318, ¶ 34 ("The primary definition of the word 'during' from Webster's Third New International Dictionary is 'throughout the continuance or course of.' "). This interpretation is consistent with the intent of the legislature to require a defendant, released following an arrest, to not commit a felony or Class A misdemeanor before their trial. 725 ILCS 5/110-6(a) (West 2022); *Green*, 2024 IL App (1st) 240211, ¶¶ 20-23.

¶ 20    This interpretation of the revocation provision is compatible with section 110-5(e) of the Act. 725 ILCS 5/110-5(e) (West 2022). Interpreting the sections together (as we must, see *Moore*, 2021 IL 125785, ¶ 40), we conclude "pretrial release" as used in the Act is a term that can denote both (1) a time period beginning at the moment the court orders the defendant's initial release and ending when his trial begins, and (2) the physical status of not being in police custody. This

interpretation gives effect to the legislature's intent while providing clarity for future defendants in a similar situation to Anderson: a defendant who remains in physical custody despite the court's order of release pending trial with conditions is entitled to a prompt hearing on the reason for his continued detention, but that same defendant must refrain from committing a new felony or Class A misdemeanor during the time between that initial order of release and their trial date, regardless of his physical location, or he risks the court revoking his release.

¶ 21    Anderson's citations to *People v. Karmatzis*, 373 Ill. App. 3d 714, 718 (2007), and *People v. Virgin*, 302 Ill. App. 3d 438, 453-54 (1998), do not affect our result. Those cases interpreted the use of the term "pretrial release" in the context of 730 ILCS 5/5-8-4(h) (West 2004; West 1996), a section which read in relevant part, "If a person charged with a felony commits a separate felony while on pre-trial release or in pretrial detention in a county jail facility or county detention facility, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." This section does not impact our interpretation of the Act, which ushered in a brand new legal framework. As our supreme court has explained:

> "It is a principle of statutory construction that, where the General Assembly enacts a new statute upon a certain subject, and the legislative intention appears from the act to be to frame a new scheme in relation to, and to make a revision of the whole subject, there is, in effect, a legislative declaration that whatever is embraced in the new statute shall prevail and that whatever is excluded shall be discarded. The revision of the whole subject by the new statute evinces an intention to substitute its provisions for the old law upon the subject."
>
> *Illinois Central R.R. Co. v. Franklin County*, 387 Ill. 301, 311 (1944).

Moreover, even if we agreed that interpretation of this statute should have any influence on how we interpret the Act, this section works against Anderson's argument because the intent behind both provisions is the same: the legislature intends to impose consequences on a defendant who engages in additional criminal conduct while charges are already pending against him. See *Green*, 2024 IL App (1st) 240211, ¶¶ 20-23.

¶ 22                                          CONCLUSION

¶ 23   The Act permits the circuit court to consider a new felony or Class A misdemeanor a defendant accrued between the initial order for pretrial release and the beginning of the defendant's trial in determining whether to revoke pretrial release. Acccordingly, we affirm.

¶ 24   Affirmed.