2024 IL App (2d) 230504
No. 2-23-0504
Opinion filed February 15, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-988 |
| KEVIN K. PEREZ, | ) ) | Honorable Tiffany E. Davis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Schostok and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Kevin K. Perez, appeals the November 6, 2023, order of the McHenry County circuit court revoking his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023).[1] Defendant

_____

[1]The Act has also been referred to as the Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act. However, neither "Pretrial Fairness Act" nor "SAFE-T Act" is an official title, as neither appears in the Illinois Compiled Statutes or the public acts.

specifically argues that (1) he was not charged with an offense qualifying for revocation of his pretrial release; (2) the State failed to prove by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged; (3) the State failed to prove by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; and (4) the State failed to prove by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight. For the following reasons, we affirm.

¶ 2                                   I. BACKGROUND

¶ 3      On October 20, 2023, defendant was charged by complaint with one count of attempted aggravated assault (720 ILCS 5/12-3.05(d)(4) (West 2022)), a Class 3 felony, one count of aggravated assault on a peace officer (*id*. § 12-2(b)(4.1)), a Class 4 felony, and one count of resisting a peace officer (*id*. § 31-1(a)(1)), a Class A misdemeanor. According to the probable cause statement, Officers Schraw, Meza, and Gallman of the Woodstock Police Department responded to 1199 S. Eastwood Drive in Woodstock for a wellness check. Upon arrival at the scene, officers saw defendant lying on the sidewalk. Officer Gallman woke defendant, who responded aggressively. Officer Schraw asked defendant to step back. When defendant refused, Officer Schraw placed his hand on defendant's chest. Defendant struck Officer Schraw's hand. Officers warned defendant not to threaten or strike an officer again, but defendant again aggressively advanced on Officer Schraw, who attempted to deescalate the situation by placing his hands out to prevent defendant from moving forward any further. Defendant slapped Officer Schraw in the hand a second time. Officers then attempted to place defendant under arrest, but

defendant resisted by pulling his arms away. Then, defendant was placed in the back of the squad car and he used his head to strike and push Officer Gallman's forehead.

¶ 4     The following day, defendant was released from custody on personal recognizance with conditions. Of note, defendant was required to not violate any criminal statute while on pretrial release. The matter was continued to November 1, 2023.

¶ 5     On November 2, 2023, defendant was charged in case No. 23-CM-752 with battery, a Class A misdemeanor (720 ILCS 5/12-3(a)(1) (West 2022)). The State filed a verified petition to revoke pretrial release. See 725 ILCS 5/110-6(a) (West 2022). The petition alleged that, while on pretrial release, defendant was charged with battery, a Class A misdemeanor, related to an event where defendant punched a minor, S.M.C., in the mouth three times causing him to bleed and loosening his tooth.

¶ 6     A hearing on the State's petition was held on November 6, 2023. The State argued that, while on pretrial release for case No. 23-CF-988, defendant committed the offense of battery. In support of its argument, the State proffered that on November 2, 2023, Officer Burbach of the Crystal Lake Police Department responded to the Motel 8 in Crystal Lake for a subject who had been hit and was unconscious. Upon arrival, Officer Burbach made contact with defendant, who was in a room at the motel with S.M.C., a male minor. S.M.C. was on the ground but conscious when officers arrived, and he appeared to have a head injury and a bloody lip. Defendant told officers that S.M.C. fell and hit his head on a dresser and his face on the floor. S.M.C. told officers that defendant was aggressive and, when he attempted to subdue defendant, defendant struck S.M.C. in the mouth three times and S.M.C. lost consciousness. A third-party witness, Trissha Heidrich, told officers that she observed defendant throw S.M.C. on the bed and punch S.M.C. in the face. She also heard defendant yell, "You want this," at S.M.C.

¶ 7     The State further argued that no conditions of pretrial release would mitigate the risk of harm to the community and prevent defendant from committing subsequent offenses.

¶ 8     Defense counsel argued that defendant should not be detained, as he had a job lined up in South Beloit, Wisconsin. That job would be providing him housing and transportation. Additionally, defendant is a former Marine and spent time in combat in Afghanistan. He is currently in therapy and is taking several prescribed medications that he would not have access to in custody. Finally, defense counsel argued that global positioning system monitoring and no contact orders with the alleged victims would mitigate any threat of harm defendant may pose.

¶ 9     The circuit court granted the State's petition to revoke, finding that the State had proved by clear and convincing evidence that defendant had committed a Class A misdemeanor while on pretrial release, referring to case No. 23-CM-752, and that no condition or combination of conditions would reasonably ensure defendant's appearance in court or prevent him from being charged with a subsequent felony or Class A misdemeanor. In its written order, the circuit court noted that it had considered all applicable statutory factors in granting the State's petition, including defendant's prior military service, defendant's history and attitude, and defendant's involvement in violent, assaultive, and abusive contact.

¶ 10    On November 9, 2023, defendant filed a timely notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant filed a notice in lieu of a memorandum, choosing to stand on the arguments made in his notice of appeal. Defendant utilized the approved form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. Rs. Art. VI Forms Appendix R. 604(d)). However, defendant merely checked four of the listed grounds for relief and offered no support, description, or argument in the preprinted lines provided. Defendant specifically checked

the following grounds for relief: (1) he was not charged with an offense qualifying for revocation of his pretrial release; (2) the State failed to prove by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged; (3) the State failed to prove by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; and (4) the State failed to prove by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight.

¶ 13　A circuit court's decision to detain a defendant is reviewed using a two-part standard of review—this is true regardless of whether that decision stems from a petition to detain or a petition to revoke. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. The manifest-weight-of-the-evidence standard applies to the circuit court's factual determinations. *Id.* A finding is contrary to the manifest weight of the evidence only if an opposite conclusion to the circuit court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 14　Initially, we note that defendant's pretrial release was revoked under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). Under that section, a defendant's pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor while the defendant has been released pretrial. *Id.* An in-person hearing for revocation must be conducted, where the defendant is represented by counsel and the court considers all relevant circumstances,

including but not limited to, the nature and seriousness of the violation or the criminal act alleged. *Id.* At this hearing, the State "bear[s] the burden of proving, by clear and convincing evidence, that no condition or combination of conditions would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 15    Given the above, it is clear that defendant's second, third, and fourth grounds for relief are irrelevant to his appeal of the circuit court's *revocation* of his pretrial release. The following preprinted grounds for relief, which defendant checked, do not apply to revocations of pretrial release under section 110-6(a) (*id.*): the State failed to prove by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged; the State failed to prove by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; and the State failed to prove by clear and convincing evidence that no condition or combination of conditions would mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight. Each of these grounds refer to the State's burden in a *denial* hearing under section 110-6.1 (*id.* § 110-6.1), not the State's burden at a *revocation* hearing under section 110-6(a) (*id.* § 110-6(a)).

¶ 16    Under section 110-6(a), the State must prove by clear and convincing evidence that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. *Id.* There is no provision in section 110-6(a) that requires the State to prove that the proof is evident or the presumption great that defendant committed the offenses

charged, that defendant poses a real and present threat based on specific, articulable fact of the case, or that no condition or combination of conditions would mitigate defendant's threat or his willful flight, based on the specific, articulable facts of the case. See *id*.

¶ 17    Even if we were to entertain the idea that defendant intended to check the ground for relief actually relevant to his appeal, that the circuit court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor, the circuit court's finding regarding that ground for relief was not against the manifest weight of the evidence. The circuit court aptly noted that defendant's original offense was a violent crime, as is the subsequent offense he allegedly committed. In its written order, the circuit court also noted defendant's history, which included four prior convictions of domestic battery, two prior convictions of resisting or obstructing a peace officer, one prior conviction of battery, and a plethora of other nonviolent offenses. The circuit court observed that "defendant has an anger issue and he's taking it out on basically anybody he can get ahold of. Starting fights *** [which] is an indication of the defendant's character and attitude and his likeliness of complying with an order by the Court not to violate any criminal laws in any jurisdiction."

¶ 18    Given the fact that defendant, only 12 days after being released pretrial on the condition that he not commit any additional offenses, was charged with an additional violent offense wherein he allegedly punched a minor, it was not against the manifest weight of the evidence for the circuit court to conclude that no condition or combination of conditions would prevent defendant from being charged with additional offenses. Accordingly, the circuit court's decision to revoke defendant's pretrial release and detain him was not an abuse of discretion.

¶ 19    Defendant also contends that he was not charged with an offense qualifying for revocation of pretrial release. This too is without merit. Section 110-6(a) clearly and unambiguously states that "pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." *Id*. On November 2, 2023, defendant was charged with battery causing bodily harm to an individual, a Class A misdemeanor. 720 ILCS 5/12-3(a)(1) (West 2022). Although no documentation related to this offense was provided in the record, the transcript from the revocation hearing details the facts underlying the offense (see *supra* ¶ 6). Additionally, limited information regarding the offense is available on the McHenry County Circuit Clerk's website. We may take judicial notice of the charges listed therein. Ill. R. Evid. 201 (eff. Jan. 1, 2011). Because section 110-6(a) allows for revocation of defendant's pretrial release only if defendant is charged with a felony or Class A misdemeanor, and defendant was charged with a Class A misdemeanor, namely battery, while on pretrial release, he was clearly charged with a qualifying offense.

¶ 20                                    III. CONCLUSION

¶ 21    For the aforementioned reasons, we affirm the judgment of the circuit court of McHenry County.

¶ 22    Affirmed.

*People v. Perez*, **2024 IL App (2d) 230504**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McHenry County, No. 23-CF-988; the Hon. Tiffany E. Davis, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Benjamin J. Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |