2024 IL App (1st) 240204U

Nos. 1-24-0204B & 1-24-0309B cons.

Order filed May 3, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 12670 |
| | ) | |
| CURTIS BROWN, JR., | ) | Honorable |
| | ) | James Bryan Novy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court's order granting the State's petition for revocation was not an abuse of discretion where the State met its burden of proving by clear and convincing evidence the defendant poses a real and present threat to the safety of any person or persons or the community because while on pretrial release, the defendant was charged with committing a battery.

¶ 2                                BACKGROUND

¶ 3    A summary of the relevant evidence proffered by the parties during the hearing on the

State's petition for revocation of pretrial release is as follows: In March of 2023, defendant Curtis

Brown Jr. was charged with five counts of cyberstalking and harassment. Count 1 charged him with cyberstalking and causing fear to a person (see 720 ILCS 5/12-7.5(a)(1) (West 2022)) in that on October 30, 2022, and between November 3 and November 11, 2022, defendant sent numerous emails to the lab manager at University of Chicago Mindworks Museum and subsequently the museum's general counsel. These emails were threatening in nature and allegedly included remarks to kill and inflict extreme harm on the recipients. On the same alleged facts, Counts II and IV charged him with cyberstalking and causing a person to suffer emotional distress. Count III alleges cyberstalking through electronic communication. Count V charged him with harassment and threatening injury to the person.

¶ 4    Defendant was taken into custody on these charges and the court granted defendant pretrial release for the alleged offenses. The State's petition to revoke pretrial release arose from an incident which occurred on January 2, 2024. Officers allegedly were approached by someone at a McDonald's who stated defendant committed a battery near the restaurant. Officers later detained Brown and conducted a show up. The complaining witness allegedly identified the person who attacked him as defendant. Prior to defendant's alleged battery, the court ordered defendant to adhere to a curfew, which he allegedly failed to abide by on several occasions between December 14 and December 27, 2023. Defendant made a court appearance on December 28, 2023, where the trial court informed him that any more violations would lead to a revocation of pretrial release.

¶ 5    The State filed a Petition for Revocation of Pretrial Release based on the arrest and subsequent battery charge. The hearing for revocation of pretrial release was held on January 4, 2024, and was continued to January 5, 2024. The court emphasized that it would not consider any evidence presented at the January 4 hearing because defense counsel had not received all the

discovery gathered by the State. At the hearing, the State asserted that defendant demonstrated that he is a clear and present danger to the community. Furthermore, they argued that defendant's failure to comply with pretrial release curfew conditions proved there were no conditions that could reasonably ensure the safety of the public or prevent him from being charged with another felony or Class A misdemeanor.

¶ 6     At the hearing, defendant argued for release with the same conditions as the original pretrial release. Those conditions included a 7 p.m. curfew at a hotel funded through mental health services that he was receiving at the time. Defendant asserted that the State focused on issues in the case unrelated to the reason he was before the court, which was the recent Class A misdemeanor battery. Defense counsel also asked the court to consider defendant's argument that he acted in self-defense when he was charged with misdemeanor battery. Defendant stated he did not have contact with either of the alleged victims deriving from the charges of cyberstalking and harassment. Defendant also noted that there had been no reported violations of pretrial release conditions since he was warned on December 28, 2023. Additionally, defense counsel stated that defendant did not understand the terms of his pretrial release curfew prior to the December 28, 2023, appearance.

¶ 7     After hearing, the trial court found that defendant violated the pretrial release conditions by being charged with battery. The court noted the presumption was great that defendant committed the offense alleged and defendant poses a real and present threat to the safety of the complaining witness in the battery case, as well as the community. Furthermore, the trial court relied on emails showing threats defendant made towards the University of Chicago to make its decision. Those emails included threats of violence towards the police, the complaining witness, a

high school, and K9 units. Defendant's counsel filed a notice of appeal from the trial court's order revoking his pretrial release and requested this court vacate that order.

¶ 8    Defendant's appeal was timely filed within 14 days, thereby conferring jurisdiction upon this court. In considering this appeal, we have reviewed the following documents that were submitted pursuant to Rule 604(h): defendant's notice of appeal from the order under the Pretrial Fairness Act, defendant's memorandum, and the State's memorandum in response.

¶ 9                                    ANALYSIS

¶ 10    On appeal, defendant filed a Notice in Lieu of Rule 604(h) Memorandum. Defendant challenges the order granting the State's petition to revoke pretrial release and denying his petition for release by arguing that: 1) the State failed its burden by clear and convincing evidence that the proof is evident or the presumption is great that defendant committed the offense charged; 2) the circuit court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor; 3) the court and the State improperly treated the petition to revoke as an initial petition to detain; 4) the court's determination that he is a danger to the community is irrelevant for a petition to revoke, and the court's findings are insufficient to revoke release under 725 ILCS 5/110-6 (West 2022); and 5) the court failed to abide by 725 ILCS 5/110-6(a) (West 2022) in that it refused to immediately release him once the charge which was the basis of the petition to revoke was dismissed.

¶ 11    In response, the State's argues that defense counsel's argument is without merit because the box counsel checked on the notice of appeal form applied to orders granting petitions for pretrial detention under section 110-6.1 and not the order revoking pretrial release under section

110-6(a). The State further argues that defense counsel's argument that there were inconsistencies between the proffers on January 4 and January 5, 2024, is without merit because the court clarified that it would not consider the former proceedings when defense counsel had not received the discovery the State gathered. The State relies on *People v. Perez*, 2024 IL App (2d) 230504 to argue that the court found the ground for relief on the preprinted Rule 604(d) form was irrelevant to the defendant's appeal of revocation of pretrial release. Lastly, the State argues that defendant's argument that the hearing focused on the underlying cyberstalking charges as opposed to the new battery charge is unsupported by section 110-6(a) of the Pretrial Release Act (Act) (725 ILCS 5/110-6(a) (West 2022)). The State contends that section 110-6(a) is "designed to protect victims and the community from defendants who are alleged to have committed felonies or Class A misdemeanors while on pretrial release." *People v. Green*, 2024 IL App (1st) 240211, ¶ 21.

¶ 12     Pretrial detention orders are reviewed for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. A mere disagreement with a circuit court's decision to place a defendant in pretrial detention would not justify calling the decision an abuse of discretion. *Id.* The decision is an abuse of discretion only if it is "arbitrary, fanciful, or unreasonable" or only if no reasonable person would have agreed with the position adopted by the court. *Id*. ¶ 10.

¶ 13     According to the Act, it is presumed that a defendant has the right to be released on personal recognizance under the condition that they attend all necessary court proceedings and refrain from committing any criminal offenses, while also complying with all pretrial release terms (725 ILCS 5/110-2(a) (West 2022)). The responsibility lies with the State to demonstrate, with clear and convincing evidence that no combination of release conditions would sufficiently ensure the defendant's appearance in court or prevent defendant from committing a subsequent felony or

Class A misdemeanor (725 ILCS 5/110-6(a) (West 2022)). If such evidence is presented, the circuit court has the authority to order the defendant's detention, particularly if defendant is charged with a qualifying offense and deemed to pose a genuine and immediate threat to the safety of individual or the community (725 ILCS 5/110-6.1(a)(1-7) (West 2022)). However, if the court determines that detention is not warranted, it may opt to impose additional conditions. 725 ILCS 5/110-6(a) (West 2022).

¶ 14 In cases where pretrial release is previously granted, it may only be revoked if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release. 725 ILCS 5/110-6(a) (West 2022). During a hearing for revocation of pretrial release, the court shall consider all relevant circumstances, including nature and seriousness of the offense. *Id.* If the court decides revocation is not appropriate, the defendant may be released pretrial without modification to conditions of pretrial release. *Id.* In cases where pretrial release is previously granted, it may only be revoked if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release. 725 ILCS 5/110-6(a) (West 2022). During a hearing for revocation of pretrial release, the court shall consider all relevant circumstances, including nature and seriousness of the offense. *Id.* If the court decides revocation is not appropriate, the defendant may be released pretrial without modification to conditions of pretrial release. *Id.*

¶ 15 In a hearing on the petition for the revocation of pretrial release, the State must prove by clear and convincing evidence that either no condition or combination of conditions will ensure the defendant's appearance in later hearings; or no condition or combination of conditions would

prevent the defendant from being charged with another Class A misdemeanor or felony. 725 ILCS 5/110-6 (West 2022).

¶ 16    In this case, the trial court did not abuse its discretion in determining that there were no conditions that could have prevented defendant from being charged with a subsequent Class A misdemeanor. The record shows that defendant allegedly committed a battery while out on pretrial release by sending several violent threats to workers at the University of Chicago. While defendant argues the State proffered facts that were unsupported and irrelevant, the crime alleged against the victim is one of a violent nature and the public safety of the alleged victim and the community are at risk. The new alleged crime, coupled with the charges already pending against defendant, and evidence of defendant threatening violent acts towards a high school and other people demonstrate that defendant is a real and present threat to safety of the community. Additionally, we note that defendant was residing in a hotel where he was receiving mental care, and counsel for defendant has alleged that defendant cannot be placed on electronic monitoring while living at the hotel. Therefore, electronic home monitoring is not an option.

¶ 17    Defendant further alleges that the court and the State improperly treated the petition to revoke as an initial petition to detain despite it being untimely. However, under 725 ILCS 5/110-6(a) (West 2022), the circuit court is required to consider "all relevant circumstances, including, but not limited to, the nature and seriousness of the violation alleged." In this case, the alleged threats, some for which he had not been charged, must be considered when making the decision on whether to revoke pretrial release. Furthermore, defendant argues that the court's determination that he is a danger to the community is irrelevant for a petition to revoke, and that the court's

findings are insufficient to revoke release under section 110-6. We disagree because section 110-6 states:

> "The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6 (West 2022).

¶ 18    Since the trial court must take all relevant circumstances into consideration, defendant's danger to the community is a circumstance that must be considered in the determination of whether to grant a revocation of pretrial release. Additionally, based on the new charge, no condition or combination of conditions would prevent defendant from being charged with another violent felony or misdemeanor if he was released from custody.  Therefore, defendant's dangerousness to the community is relevant to the determination of whether the petition for revocation of pretrial release should be granted.

¶ 19    This case at hand is analogous to the case *People v. Hood*  2024 IL App (4th) 232062-U. In *Hood,* the court held that the circuit court did not abuse its discretion by determining that no condition or combinations of conditions would prevent the defendant from being charged with a Class A misdemeanor. In that case, the defendant was charged with aggravated battery of a peace officer and was out on pretrial release. While out on pretrial release, the defendant was charged with a new felony of armed habitual criminal. Officers observed the defendant trespassing and when the defendant was placed into custody, officers discovered he was armed. The State filed a petition for revocation of pretrial release, arguing no conditions or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings and prevent

him from being charged with a subsequent felony or Class A misdemeanor. The court granted the State's petition, finding that no conditions could prevent a subsequent felony or misdemeanor. On appeal, the decision was affirmed. The court found the circuit court did not err when it revoked the defendant's pretrial release. The court stated that given the defendant's criminal history, it was not "unreasonable, arbitrary, or fanciful" for the trial court to find no conditions or combination of conditions would be sufficient to prevent the defendant from being charged with another felony or Class A misdemeanor.

¶ 20     In the current case, defendant was out on pretrial release from charges of cyberstalking and harassment of individuals at the University of Chicago's Mindworks Museum. While out on pretrial release, defendant allegedly committed a battery on an individual at a McDonald's restaurant. Prior to the commission of the alleged battery, defendant committed multiple violations of his pretrial release curfew conditions. This along with defendant's alleged commission of a battery, leads us to affirm the trial court's findings that no conditions or combination or conditions would reasonably ensure the appearance of defendant for later hearings or prevented defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 21     Thus, the trial court did not abuse its discretion in determining there were no conditions or combination of conditions that could have prevented defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 22                          CONCLUSION

¶ 23     For the foregoing reasons, we affirm the circuit court's judgement.

¶ 24     Affirmed.