2024 IL App (1st) 240808-U
No. 1-24-0808B
Order filed July 10, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23C44045101 |
| | ) | |
| PHILLIP GORDAN | ) | The Honorable |
| | ) | Eulalia V. De La Rosa, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. The circuit court did not err by detaining the defendant before trial.

¶ 2    Rarely do allegations alone lead this court to reverse. Generally, parties must show how alleged errors affected the proceedings. Here, Phillip Gordan fails to offer either caselaw or record facts when attacking a handful of alleged "problem[s]" and "mishaps" at his revocation proceeding under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. Because the proceedings fit the Code, even if imperfect, we affirm.

¶ 3                                    Background

¶ 4      The State petitioned to revoke Gordan's pretrial release, alleging he had escaped from electronic monitoring. See 725 ILCS 5/110-6(a) (West 2022). The State claimed to have clear and convincing proof that nothing short of pretrial detention would reasonably prevent him from committing subsequent felonies or Class A misdemeanors or ensure his future appearance in court.

¶ 5      At a hearing on the petition, the State proffered facts describing Gordan's alleged escape. While on electronic monitoring, Gordon resided with a host and that person's 10-year-old daughter. But both left after he attacked the child by kicking her, punching her, and threatening her with a box cutter. The host called the police to withdraw consent for Gordan to live there. When officers arrived, they found only the electronic monitoring bracelet. Months later, officers arrested Gordon. The State charged him with the felony of escape.

¶ 6      The State detailed Gordan's history of convictions and failures to appear in court. He had felony convictions for aggravated unlawful use of a weapon by a felon, possession of a controlled substance, domestic battery, and armed robbery, as well as misdemeanor convictions for aggravated assault and domestic battery. He failed to appear once in this prosecution and five times in unidentified matters from 2019 to 2022.

¶ 7      Gordan proffered that he is 38 years old, a lifelong Maywood resident, has six children, and last lived with his mother. He is employed as a food distributor. He has posttraumatic stress disorder, bipolar disorder, depression, and mania. He cut off his electronic monitoring bracelet while "trying to get his [electronic monitoring] location moved at the time."

¶ 8      The trial court prompted the State to proffer about the underlying offense, being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), for which Gordan had initially secured

pretrial release. The trial court then found that the State had carried its burden to prove Gordan should be denied pretrial release (725 ILCS 5/110-6.1(e) (West 2022)) rather than carrying its burden to prove he should have his pretrial release revoked (*id.* §110-6(a)).

¶ 9 Clear and convincing evidence showed (i) it was evident or the presumption great that Gordan had committed a detainable offense, (ii) Gordan was a real and present threat to the child he "threatened and physically hurt," and (iii) no condition or combination of conditions could mitigate the threat he posed. The trial court found, "We tried it[,] and it did not work. He was given electronic monitoring, * * * cut the bracelet off[,] and picked up a new case." Gordan's past and present criminal acts, and "the totality of everything present[ed]," demanded pretrial detention.

¶ 10 Gordan filed a notice of appeal, attacking the trial court's findings on the second and third elements under section 110-6.1(e). In his view, he presented no threat because being an armed habitual criminal is not a "crime of violence," and the allegation that he attacked a child was "unproven." Also, electronic monitoring would mitigate any future threat he poses because, at one point, he "had been in compliance with the terms and conditions of electronic monitoring[.]"

¶ 11 He faults the trial court for denying him pretrial release under section 110-6.1(e) rather than revoking his pretrial release under section110-6(a). He also asserts the trial court "did not rule on" whether he was likely to appear at later hearings. Finally, he notes that the State cited section 110-6(b), not section 110-6(a), when petitioning to revoke his pretrial release.

¶ 12                                    Analysis

¶ 13 Gordan did not file a Rule 604(h) memorandum. In a notice in lieu of that memo, he purports to re-assert the claims in his notice of appeal and attacks the preprinted forms the State

and trial court used. We reject his contentions. As we explain, the proceedings in the trial court fit the Code, even if imperfect.

¶ 14                      Petition to Revoke Pretrial Release under Section 110-6(a)

¶ 15    The State may detain an accused by charging an offense eligible for detention and carrying its burden to prove three elements under the Code. *Id.* § 110-6.1(e). But if the State fails to carry this burden, the trial court may still revoke pretrial release at a later hearing on a verified petition to revoke. *Id.* § 110-6(a).

¶ 16    In pertinent part, revocation proceedings may begin after "the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release[.]" *Id.* § 110-6(a). While Gordan was on pretrial release, the State charged him with the felony of escape (730 ILCS 5/5-8A-4.1(a) (West 2022)) and petitioned to revoke his pretrial release. Consistent with the Code, the trial court held a hearing on the State's petition.

¶ 17    Generally, the Code demands that during the hearing the trial court "consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." 725 ILCS 5/110-6(a) (West 2022). Here, the trial court properly did so when broadly considering the proffered facts leading to the escape: Gordan's attack on a child. Likewise, the trial court properly considered how Gordan cut the bracelet of his monitor and disappeared. Indeed, the trial court pithily summarized this evidence by asserting, "We tried it[,] and it did not work. He was given electronic monitoring, * * * cut the bracelet off[,] and picked up a new case." See generally *People v. Perez*, 2024 IL App (2d) 230504, ¶ 13 (describing as "identical" standard of review of petitions to revoke and petitions to deny pretrial release).

¶ 18    To be sure, the State bore "the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.* § 110-6 (a). But the State carried that burden by proffering how, on six occasions, Gordan had failed to appear in court and how, immediately after attacking the child, he had absconded for months. See *In re Tiffany W.*, 2012 IL App (1st) 102492-B, ¶ 12 (defining burden of proof). Indeed, Gordan admitted to unlawfully cutting the bracelet. Thus, as the trial noted, "the totality of everything present[ed]" demanded pretrial detention.

¶ 19                    Gordan's Challenge under Section 110-6.1(e)

¶ 20    In his notice of appeal, Gordan attacks the trial court's findings on the second and third elements under section 110-6.1(e). But Gordan misplaces these contentions. As we explained, the State petitioned to revoke his pretrial detention under section 110-6(a), not section 110-6.1(e). Those sections define distinct procedures. Compare 725 ILCS 5/110-6.1(e) (West 2022) (describing burden on initial petition to deny pretrial release) with *id.* §110-6.1(a) (defining proceedings on later petition to revoke pretrial release).

¶ 21    Yet Gordan's notice of appeal does not refer to section 110-6(a) and leaves blank a box for challenging the trial court's findings under section 110-6(a). Thus, we agree with the State that Gordan forfeited this challenge under 110-6(a). See *People v. Martin*, 2023 IL App (4th) 230826, ¶¶ 18-19 (under supreme court rules, we "must limit our review to the issues fairly raised by a liberal construction of defendant's notice of appeal"). "No matter how liberally we construe [his] notice of appeal, it does not encompass" relevant issues. *Martin*, 2023 IL App (4th) 230826, ¶ 19.

¶ 22                    Gordan's Challenge under Section 110-6(a)

¶ 23    In his notice in lieu of a memo, Gordan purports to re-assert the claims in his notice of appeal and attacks the preprinted forms the State and trial court used. We reject his contentions as lacking factual and legal support.

¶ 24    First, we reject, as contrary to the record, Gordan's assertion that his notice of appeal "properly demonstrate[s] why conditions [of pretrial release] would suffice rather than a revocation" under section 110-6(a). As we explained, Gordan's notice of appeal focuses on an impertinent section under the Code, section 110-6.1(e). Saying otherwise does not make it so. See *People v. Hobbs*, 2022 IL App (4th) 210471-U, ¶ 37 ("Arguing the existence of something from its absence in the record does not make it so.").

¶ 25    Next, we reject Gordan's nitpicking of the preprinted form the State used. Gordan notes the State cited section 110-6(b), not section 110-6(a), when petitioning to revoke his pretrial release. As the State explains, the body of its petition proves this to be a scrivener's error. *People v. Green*, 2024 IL App (1st) 240211, ¶¶ 28-29 (rejecting same argument). The body of the petition alleges that Gordan, "while on pretrial release for a Felony or Class A misdemeanor, [was] charged with a new Felony or Class A misdemeanor * * * alleged to have occurred during * * * pretrial release." As relief, the State requests "a revocation hearing" to prove "by clear and convincing evidence, that no condition or combination of conditions of release would reasonably" ensure the defendant's appearance for later hearings or "prevent the defendant from being charged with a subsequent Felony or Class A Misdemeanor." This language applies only to revocation hearings under section 110-6(a). Compare 725 ILCS 5/110-6(a) (West 2022) with *id.* §110-6.1(b).

¶ 26    Finally, Gordan faults the trial court for denying him pretrial release under section 110-6.1(e) rather than revoking his pretrial release under section 110-6(a). He likewise asserts the trial

court "did not rule on" whether he was likely to appear at later hearings. But this improperly focuses on the trial court's invocation of section 110-6.1(e) to the exclusion of its findings of fact.

¶ 27     The State presented an unrebutted proffer how, six times before, Gordan had failed to appear in court and how, right after attacking a child, he had absconded for months. In this context, to repeat, the trial court found: "We tried it[,] and it did not work. He was given electronic monitoring, * * * cut the bracelet off[,] and picked up a new case." Likewise, the trial court found that Gordan's past and present criminal acts and "the totality of everything present[ed]" demanded his pretrial detention. Thus, the trial court ruled on the core issue under section 110-6(a).

¶ 28                                    Conclusion

¶ 29     Parties must show how alleged "problem[s]" or "mishaps" affected the proceedings. Gordan has failed to make that showing.

¶ 30     Affirmed.