2024 IL App (2d) 240500
No. 2-24-0500
Opinion filed November 27, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1358 |
| JAMES D. HAMMERAND, | ) ) ) | Honorable Thomas C. Hull III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court, with opinion.
Justices Schostok and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, James D. Hammerand, appeals from the revocation of his pretrial release under section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)). The basis for defendant's revocation was that, while he was on pretrial release for two felonies and a Class A misdemeanor, he was charged with committing another felony and additional Class A misdemeanors. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On June 27, 2024, defendant was charged by complaint in this case with three counts of disorderly conduct: knowingly making a baseless 911 call (720 ILCS 5/26-1(a)(6) (West 2022) (Class 4 felony)), knowingly transmitting a report of an offense to an officer without reasonable

grounds for believing an offense would be committed (*id.* § 26-1(a)(4) (Class 4 felony)), and knowingly transmitting a false report to an officer (*id.* § 26-1(a)(5) (Class A misdemeanor)). The same day, defendant appeared before the trial court and the court entered a pretrial release conditions order, which imposed various conditions, including that defendant not call the Aurora Police Department's administrative offices or 911 absent an actual emergency and that he not commit a new offense (see 725 ILCS 5/110-10(a)(4) (West 2022) (conditions of pretrial release shall include that a defendant "[n]ot violate any criminal statute of any jurisdiction")).

¶ 4    On July 7, 2024, the State filed a verified petition to revoke defendant's pretrial release. The basis for the State's motion was that, while on release, defendant allegedly committed several offenses, the factual synopses of which were attached as exhibits. The summary of the new charges was that, in the afternoon of July 5, 2024, defendant committed a burglary at the Aurora police department when, instead of leaving the department after his release from booking on a separate offense, he entered a secure area of the department and stole a gun locker key from a gun locker; that later on July 5, 2024, defendant criminally trespassed at 402 E. Illinois Avenue in Aurora and refused to obey police orders to leave the property; and that, on the afternoon of July 6, 2024, defendant returned to 402 E. Illinois Avenue, despite the prior day's criminal trespass charge and an order of no contact with the resident therein.

¶ 5    The burglary charge (720 ILCS 5/19-1(a) (West 2022) (Class 2 felony)) is from case no. 24-CF-1442, which alleged that the offense was committed at 3:44 p.m. on July 5, 2024. The facts alleged were that, on July 5, defendant was arrested for a separate offense and released from booking at the Aurora police department. The department's security camera footage showed that, following his release, defendant walked into the secure area of the department housing the gun lockers, opened locker AA19, checked inside, and took the key. Footage further showed defendant

attempting to open other doors in the hallway before exiting the secure area. Officers later discovered defendant to be in possession of the gun locker key, serial number AA19.

¶ 6    Later on July 5, around 11 p.m., Officer Heinke responded to a report that defendant was refusing to leave another's property at 402 E. Illinois Avenue. Defendant told Heinke he was trying to visit a friend, Denise Hakala, who would not let him into her home. Heinke spoke with Denise over the phone, and she told him that defendant had arrived unannounced and was banging on her door; she was alarmed at his behavior and wanted him removed from the property. She signed a criminal trespass complaint against defendant. Defendant stated that he lived at Denise's residence but could not provide proof of residency; Denise denied that he lived there. Defendant was given multiple opportunities to leave but refused to obey orders by officers to vacate the property. Defendant was "very belligerent" and was argumentative with both officers and neighbors. Heinke eventually took defendant into custody after he continued to refuse to leave Denise's property. Based on this alleged conduct, defendant was charged in case No. 24-CM-1131 with obstructing a police officer (720 ILCS 5/31-1(a)(2) (West 2022) (Class A misdemeanor)) and criminal trespass to land (*id.* § 21-3(a)(2) (Class B misdemeanor)).

¶ 7    Last, in case No. 24-CM-1136, defendant was charged with two offenses committed on July 6, 2024, at or around 3:49 p.m.: (1) a violation of conditions of pretrial release (720 ILCS 5/32-10(b) (West 2022) (Class A misdemeanor), which, per the State's proffer, were conditions to stay away from 402 E. Illinois Avenue and have no contact with Denise[1]; and (2) unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2022) (Class A misdemeanor)).

___

[1]It is unclear from the record whether these conditions were imposed following defendant's arrest and release in case No. 24-CM-1131 or in another case outside of the record.

Officer Salas-Hernandez was dispatched on July 6 to Denise's property at 402 E. Illinois Avenue. Upon arrival, Salas-Hernandez spoke with the cab driver who had driven defendant to the address. The cab driver had called 911 because defendant was arguing with him about driving defendant somewhere else, but the driver had refused because of defendant's erratic behavior. Salas-Hernandez also spoke with Denise, who stated that defendant had been banging on her front door and was not permitted to contact her. Salas-Hernandez learned of defendant's criminal trespass from the night before and further confirmed that, as a condition of his release, defendant was not to have any contact with Denise and was to stay away from her residence at 402 E. Illinois Avenue. Defendant was arrested for violating conditions of his release.[2]

¶ 8    The trial court heard the State's petition on July 9, 2024. Throughout the proceeding, defendant interrupted regularly, uttering exclamations that included "Kangaroo court," "I'm falsely imprisoned, your Honor," "Frame-up," and "This is b***." Following ample warnings and admonishments, defendant was removed from the courtroom during the court's ruling due to his continued disruptions, although the court declined to find him in contempt, because it believed that defendant had a fitness issue.

¶ 9    In addition to the admission of its exhibits, the State proffered that, at defendant's July 7, 2024, hearing on pretrial release conditions in several of his cases, including case Nos. 24-CF-1442 and 24-CM-1136, defendant responded to the court's condition that he have no contact with Denise by stating that he would not comply and would have contact with her.

¶ 10    Defense counsel proffered that defendant had extensive health issues: he was in a wheelchair and had hypertension, diabetes, stents in his heart, and arthritis. Defense counsel added

---

[2]The synopsis provided no facts related to the drug paraphernalia charge.

that defendant would have a place to reside in Downers Grove through PADS. Defendant personally added that he had "a concussion right now from being here."

¶ 11 The trial court granted the State's petition the same day, revoking defendant's pretrial release in the instant case. The court stated that it had reviewed the State's exhibits, and it found that the State had met its burden to show by clear and convincing evidence that defendant violated his pretrial release conditions when he committed new offenses in three separate cases, specifically committing a felony in No. 24-CF-1442 and Class A misdemeanors in Nos. 24-CM-1131 and 24-CM-1136. It further found that no condition or combination of conditions would prevent defendant from being charged with subsequent felonies or Class A misdemeanors. It explained that defendant had already been instructed not to commit any new offenses or go back to the "protected property," but, on two separate occasions, defendant went back to the protected property. Furthermore, defendant had been charged with committing several new offenses while on release. Thus, the court did not believe conditions such as electronic home monitoring would prevent defendant from committing future criminal offenses.

¶ 12 On August 1, 2024, defendant filed a motion for relief under Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), asking the trial court to reconsider the revocation of his pretrial release. Therein, defendant argued that the State failed to prove by clear and convincing evidence that he committed the offenses related to case Nos. 24-CF-1442 (burglary), 24-CM-1131 (obstructing a police officer), and 24-CM-1136 (violating conditions of release and possessing drug paraphernalia). He further argued that conditions such as home monitoring, a no-contact order, or a psychological evaluation and its resulting recommendations would be sufficient to ensure his appearance at future hearings or prevent him from being charged with a subsequent

felony or Class A misdemeanor. His motion also reiterated that he had significant health issues, including diabetes and hypertension, and that he had a place to reside in Downers Grove if released.

¶ 13    On August 16, 2024, the trial court heard defendant's motion for relief. At the hearing, defense counsel "largely" stood on defendant's motion, noting that the new offenses defendant was charged with were nondetainable offenses. Counsel argued that, as to the burglary charge, there was insufficient evidence of defendant's intent to commit a felony, asserting that the taking of the key could have been accidental instead of intentional. As to defendant returning to the residence at 402 E. Illinois Avenue, counsel argued that defendant had indicated that he was previously a resident there, that he was now "very aware" that going back was prohibited and would result in criminal consequences, and that the court should consider defendant's mental health issues. The trial court denied the motion based on its findings and reasoning in granting the State's petition to revoke defendant's pretrial release.

¶ 14    Defendant timely appealed.

¶ 15                                    II. ANALYSIS

¶ 16    The State Appellate Defender declined to file a memorandum, and thus defendant's motion for relief before the trial court serves as his argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Through his motion for relief, defendant raises two arguments: the State failed to prove by clear and convincing evidence that defendant violated his pretrial release conditions by committing offenses in case Nos. 24-CF-1442, 24-CM-1331, and 24-CM-1136 and the State failed to prove that no condition or combination of conditions would reasonably ensure defendant's appearance at future hearings or prevent him from being charged with a subsequent felony or a Class A misdemeanor. 725 ILCS 5/110-6(a) (West 2022).

¶ 17   Section 110-6 of the Code provides that, when a defendant has previously been granted pretrial release for a felony or a Class A misdemeanor, the release may be revoked following a hearing on the court's own motion or the State's verified petition only if the defendant is charged with a felony or a Class A misdemeanor alleged to have occurred during the defendant's pretrial release. 725 ILCS 5/110-6(a) (West 2022). Defendant was charged in this case with two felonies and a Class A misdemeanor, and, while on pretrial release, he was charged with another felony and three more Class A misdemeanors. Thus, his revocation is governed by section 110-6(a) (*id.*). Section 110-6(a) further provides that, on a petition to revoke pretrial release, "[t]he State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would *** prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 18   We review whether the trial court's findings on a petition to revoke pretrial release were against the manifest weight of the evidence and whether its ultimate decision was an abuse of discretion. *People v. Green*, 2024 IL App (1st) 240211, ¶¶ 32-33 (agreeing with the two-part standard of review applied in *People v. Perez*, 2024 IL App (2d) 230504, ¶ 13). A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. A decision is an abuse of discretion when no reasonable person would adopt the view of the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 19   Defendant's first argument—that the State failed to prove by clear and convincing evidence that he committed the alleged offenses in three separate cases—fails in light of the plain language of section 110-6(a). Although a petition to deny pretrial release requires that the State show by clear and convincing evidence that the proof is evident or presumption great that a defendant committed a detainable offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), section 110-6(a) contains

no corresponding language that, in order to revoke the release, the State must prove that a defendant committed a felony or Class A misdemeanor while on pretrial release. Rather, regarding proof of the commission of an offense, the plain language of section 110-6 requires only that a defendant be "charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release." *Id.* § 110-6(a); see *People v. McClure*, 2024 IL App (5th) 240027, ¶ 26 (recognizing the lower threshold in section 110-6(a) compared to 110-6.1); see also *Perez*, 2024 IL App (2d) 230504, ¶ 19 (the defendant's charge of battery causing bodily harm was sufficient to support section 110-6(a) revocation).[3] Here, defendant was charged with a felony and multiple Class A misdemeanors alleged to have occurred while on pretrial release; this alone is sufficient to support a revocation of pretrial release. We note that a factual basis was also supplied by the State to corroborate the new felony and Class A misdemeanor charges, including reference to a video recording of the alleged burglary.

¶ 20    As to defendant's second argument on conditions, the trial court reasonably concluded that no condition or combination of conditions would prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Defendant returned to 402 E. Illinois Avenue the day after being charged with criminal trespass and obstructing an officer for failing to leave the same property. The factual proffer was that the resident of the property, Denise, had a no-contact order against defendant, which defendant blatantly ignored. These facts demonstrate defendant's

---

[3]Although the trigger for revocation is the charging of a new felony or a Class A misdemeanor while on pretrial release, if the case that caused revocation is dismissed, results in a not guilty finding, or its resulting sentence is completed, the court shall release the defendant after a hearing on conditions of pretrial release. 725 ILCS 5/110-6(a) (West 2022).

disregard of court-imposed conditions. Defendant was also charged with burglary involving possession of a gun locker key and entering a secure area at the Aurora Police Department. Moreover, defendant was unable to even abide instructions to control himself at the revocation hearing, resulting in his removal from the courtroom. Although his behavior seems likely owing to mental health issues, he has demonstrated that he would ignore court-imposed conditions and be charged with subsequent felonies and Class A misdemeanors, which is the salient consideration in this revocation order.

¶ 21    For these reasons, the trial court's finding on conditions was not against the manifest weight of the evidence and its decision to revoke defendant's pretrial release was not an abuse of discretion.

¶ 22                                    III. CONCLUSION

¶ 23    We affirm the order of the Kane County circuit court revoking defendant's pretrial release.

¶ 24    Affirmed.

*People v. Hammerand*, **2024 IL App (2d) 240500**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 24-CF-1358; the Hon. Thomas C. Hull III, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Deborah K. Pugh, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |