NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241384-U

NOS. 4-24-1384, 4-24-1385, 4-24-1386 cons.

IN THE APPELLATE COURT

FILED
January 27, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| CHRISTOPHER EASLEY JR., | ) | Nos. 22CF829 |
| Defendant-Appellant. | ) | 24CF1247 |
| | ) | 24CF1578 |
| | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding the trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2   Defendant, Christopher Easley Jr., appeals the trial court's order revoking his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). On appeal, defendant argues the court erred in finding the State proved by clear and convincing evidence no conditions would

reasonably ensure his appearance at later hearings or prevent him from being charged with subsequent offenses. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        On September 12, 2022, defendant pleaded guilty to possession of a controlled substance (720 ILCS 570/402(c) (West 2020)) in Winnebago County case No. 22-CF-829. The trial court stayed defendant's 180-day incarceration term and placed him on 24 months' probation. Defendant's probation conditions included a prohibition on violating any criminal statute or consuming alcohol or drugs and a requirement he comply with random urinalysis, blood testing, and/or Breathalyzer testing.

¶ 5        On May 20, 2024, the State charged defendant with possession with intent to deliver a controlled substance (720 ILCS 570/401(c)(2) (West 2022)) in case No. 24-CF-1247. According to the factual summary, officers arrested defendant in a vehicle that had been reported as stolen, in which officers found a baggie containing a substance defendant admitted was crack cocaine, along with a digital scale.

¶ 6        On the same day, the State filed a petition to revoke defendant's probation, alleging, *inter alia*, defendant failed to report to probation 10 times from September 20, 2022, to March 27, 2024, tested positive for cocaine, amphetamine, methamphetamine, ecstasy, cannabis, and alcohol at various times throughout his probation, and failed to submit to random drug and/or alcohol testing 13 times from December 30, 2022, to May 3, 2024. The trial court granted defendant pretrial release and ordered him not to violate any criminal statute, not to consume alcohol, cannabis, or illegal drugs, and to submit to random blood, breath, and urine drops.

¶ 7        On June 26, 2024, the State charged defendant with another count of possession with intent to deliver a controlled substance (720 ILCS 570/401(c)(2) (West 2022)) in case No.

24-CF-1578. According to the factual summary, officers executed a search warrant on defendant's residence, where they found two digital scales, white powdery residue that field-tested positive for cocaine, and a plastic bag containing 3.5 grams of a "white chunk-like substance," a portion of which field-tested positive for cocaine. Officers detained defendant and advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant admitted he had been selling crack cocaine for "several months," the narcotics found in the residence belonged to him, and he provided a detailed description of his methods for obtaining and selling narcotics.

¶ 8　　　　On the same day, the State filed an amended petition to revoke defendant's probation in case No. 22-CF-829, along with a petition seeking to revoke defendant's pretrial release. The trial court ordered defendant detained pending the revocation hearing, citing defendant's criminal history, the fact that the most recent charges were brought while defendant was on probation in one case and pretrial release in another, he was not fully compliant with his probation conditions, and the pretrial services report listed his risk level as 5 out of 6.

¶ 9　　　　On June 28, 2024, the trial court conducted a hearing on the State's petition to revoke defendant's pretrial release. The State asked the court to take judicial notice of the factual summaries for case Nos. 24-CF-1247 and 24-CF-1578, and the pretrial services report, which described defendant as a level 5 risk to reoffend, where level 6 was the maximum. The State argued no conditions would prevent defendant from being charged with further offenses because he received pretrial release a month earlier in case No. 24-CF-1247, and his pretrial release conditions forbade him from violating any criminal statutes. Rather than abide by those conditions, defendant was charged with committing the same offense a few weeks later in case No. 24-CF-1578.

¶ 10 Defense counsel argued defendant should receive pretrial release because he was employed, had a place to stay, and voluntarily provided support for his two children, though he was not legally required to do so. Counsel noted the drugs in question were found in a residence defendant shared with another individual, saying, "It's not a situation where he was caught in the act or delivered [drugs] to an undercover police officer." Counsel argued defendant had appeared for all his court dates and was charged with nonviolent offenses and contended, "if [defendant] were to get into treatment, take advantage of the skills that he would learn in that treatment, and discontinue his use of illegal narcotics, he is somebody who is not likely to commit a new offense or be rearrested."

¶ 11 The trial court granted the petition to revoke pretrial release, finding the State showed by clear and convincing evidence the proof was evident or presumption great defendant committed a detainable offense, he was on pretrial release when he was charged with the offense, and no conditions or combination of conditions would prevent him from committing subsequent offenses. The court observed defendant was on probation and pretrial release when he was charged in case No. 24-CF-1578, he was not complying with his probations conditions when the State brought new charges against him, and the imposed probation and pretrial release conditions did not prevent defendant from being charged with subsequent offenses in two different cases. The court found "there are no conditions *** that would ensure that we aren't going to wind up in the very same spot in another 6 weeks, if I were to release him from custody." On the same day, the court entered a written order revoking defendant's pretrial release and ordering him detained.

¶ 12 On September 25, 2024, the trial court denied defendant's motion to reconsider after a hearing, finding there had not been a sufficient change in circumstances to warrant the

reversal of its decision to revoke pretrial release.

¶ 13        On October 18, 2024, defendant filed a "Motion for Relief Under the [Act]," which argued the trial court erred in finding no conditions would reasonably ensure his appearance at later hearings or prevent him from being charged with subsequent offenses. Defendant asserted "the Court found that the mere fact that defendant had been arrested for a new felony offense, in and of itself, provided sufficient evidence that no condition or combination of conditions would ensure the defendant does not commit a new felony or Class A misdemeanor," and "the State failed to provide any specific, articulable facts that there were no less restrictive conditions such as curfew, or house arrest, that would ensure the defendant did not commit a new offense."

¶ 14        On October 24, 2024, the trial court conducted a hearing on defendant's motion. Defense counsel adopted his arguments from the previous hearings, acknowledged there had been no changes in defendant's circumstances since the hearing on his motion to reconsider, and reiterated his belief "the State did not show by clear and convincing evidence that no condition or combination of conditions would ensure that my client [would] not commit a new offense." The court denied the motion and denounced the motion's characterization of the court's earlier findings, specifying it revoked pretrial release because defendant was charged with a new felony offense "barely over a month" after he received pretrial release in case No. 24-CF-1247, was not compliant with his probation conditions prior to his latest arrest, and had not been compliant with his pretrial release conditions. Additionally, the pretrial risk assessment tool scored defendant as a level 5 out of 6, which categorized him as a high risk. The court noted the assessment failed to account for the fact that defendant had pending charges at the time of his most recent arrest, which would have increased defendant's score to level 6, which was the maximum. Finally, the

- 5 -

court emphasized that, while defendant was on pretrial release in one case and on probation in another, officers arrested him after they discovered drugs in his residence, and defendant told the officers he was selling drugs after being advised of his *Miranda* rights.

¶ 15　　　　This appeal followed.

¶ 16　　　　　　　　　　　　　II. ANALYSIS

¶ 17　　　　On appeal, defendant argues the trial court erred in revoking his pretrial release because the State failed to provide specific, articulable facts showing no less restrictive means would ensure his appearance at upcoming hearings and prevent him from committing new offenses. We disagree.

¶ 18　　　　Under the Code, it is presumed all criminal defendants are entitled to pretrial release, subject to certain conditions. 725 ILCS 5/110-2(a) (West 2022). However, a defendant may have his pretrial release revoked if he "is charged with a felony *** that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022). During the hearing, the State must prove by clear and convincing evidence "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022). "The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." 725 ILCS 5/110-6(a) (West 2022). We review a trial court's pretrial release determination for an abuse of discretion. *People v. Morgan*, 2024 IL App (4th) 240103, ¶ 35. A court abuses its discretion when its decision is unreasonable, arbitrary, or fanciful, or when no reasonable person would agree with its decision. *Morgan*, 2024 IL App (4th) 240103, ¶ 13.

¶ 19 The trial court did not abuse its discretion in revoking defendant's pretrial release and finding no conditions or combination of conditions would prevent defendant from being charged with subsequent offenses. Defendant, while on probation in case No. 22-CF-829, was charged with possession with intent to deliver a controlled substance, a felony, in case No. 24-CF-1247, and he received pretrial release. Approximately one month later, while on probation and pretrial release, defendant was charged with another felony count of possession with intent to deliver a controlled substance—this alone is sufficient to support the revocation of pretrial release. See *People v. Hammerand*, 2024 IL App (2d) 240500, ¶ 19. Additionally, the record shows defendant refused to comply with his probation conditions before he was charged in case Nos. 24-CF-1247 and 24-CF-1578. Further, the pretrial risk assessment tool classified defendant as a "high risk," as his score qualified him for level 5 out of 6. As the trial court observed when it denied defendant's motion for relief, the assessment appears to have overlooked the fact that defendant also had pending charges, which would raise defendant's score to level 6 and increase his risk of reoffending.

¶ 20 Defendant has demonstrated a blatant disregard for both his probation conditions and his pretrial release conditions, and the record supports the trial court's finding the State showed by clear and convincing evidence no conditions would prevent him from committing further offenses. Accordingly, the court's decision was not an abuse of discretion, as it was not arbitrary, fanciful, or unreasonable. See *Morgan*, 2024 IL App (4th) 240103, ¶ 13.

¶ 21                                   III. CONCLUSION

¶ 22 For the foregoing reasons, we affirm the trial court's judgment.

¶ 23 Affirmed.